270 P.2d 385

**LAUMBACH   v.   LAUMBACH et al.**

**No. 5702.**

Supreme Court of New Mexico.

May 7, 1954.

McAtee & Toulouse, Eva Thomas and Wm. C. Marchiondo, Albuquerque, for appellant.

John B. Wright, Raton, C. E. McGinnis, Springer, for Joyce Laumbach.

Roberto L. Armijo, Las Vegas, for Rudolph Laumbach and Leona Laumbach, his wife.

LUJAN, Justice.

Appeal is from a judgment of the district court of San Miguel County dismissing plaintiff's complaint on the ground that he had wholly failed to sustain the allegations of his complaint. The complaint, among other things, alleged:

"That the defendant, Rudolph Laumbach, has at no time material herein paid any consideration to the said Peter J. Laumbach, Sr., or in any wise carried out any part of his said agreement to assist, care for, support or maintain the said Peter J. Laumbach, Sr., that to the contrary, defendant, Rudolph Laumbach, has wrongfully and wilfully failed, refused and neglected in any way to carry out any part or portion of his said agreement, * * *".

By his answer the defendant denied the allegations of the above paragraph as follows:

"Defendants, Rudolph Laumbach and Leona Laumbach, deny each and every material affirmative allegation contained in paragraph number seven (7) of plaintiff's complaint."

On December 31, 1941, Peter J. Laumbach, who was then 74 years old, entered into an agreement with three of his sons, Alfred, Peter and Rudolph, wherein it was agreed that the three boys were to assist, care for, support and maintain their father according to his station in life, so long as he should live, in consideration of which the father was to deed certain tracts of land to each of the sons. Pursuant to and in compliance with the written agreement, Peter J. Laumbach, Sr., and his wife, on December 31, 1941, conveyed to each of the boys by warranty deeds lands described in the agreement. These deeds were duly recorded in the office of the county clerk of San Miguel County. During the year of 1948, Rudolph Laumbach conveyed the land deeded to him by his father, together with other lands he owned, to the defendant Joyce Laumbach.

As the case is submitted to us for decision, the single question for review is whether the plaintiff succeeded in proving the allegations contained in the above paragraph of his complaint.

The plaintiff requested the court to make a finding on the question of whether or not the defendant Rudolph Laumbach had supported his father according to the terms of the written agreement, but the court failed to make any finding on this question, although the defendant himself requested such a finding.

■ The court must, when requested, find one way or the other upon a material issue. Section 19–101(52) of 1941 Compilation, rule 52, Rules of Civil Procedure, provides:

"(a) * * * (1) Upon the trial of any case by the court without a jury, its decision which shall consist of its findings of fact and conclusions of law, must be given in writing and filed with the clerk in the cause. In such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately.

"(2) The findings of fact shall consist only of such ultimate facts as are necessary to *determine the issues in the case*, as distinguished from evidentiary facts supporting them. Such findings shall be separately stated and numbered. * * *" (Emphasis ours.)

We consider this a mandatory provision. Obviously the rule means, that where, as here, request is seasonably made, it is the duty of the trial court to find all of the ultimate facts. Thus, the court should have made a finding on paragraph seven of the complaint which was put in issue.

■ We have held in an unbroken line of decisions that it is the duty of the court to make findings of fact. In this case the court was requested by both parties to make a finding of fact on a material issue, and on conflicting testimony, and failure to do so constitutes error.

The judgment is reversed. The cause is remanded to the district court with directions to grant a new trial, and to confine such trial to the determination of whether or not the defendant Rudolph Laumbach supported his father according to the terms of the written agreement, and render such judgment as may be proper.

It is so ordered.

McGHEE, C. J., and COMPTON and SEYMOUR, JJ., concur.

SADLER, J., not participating.