276 P.2d 509

INDUSTRIAL SUPPLY COMPANY, a corporation, Plaintiff-Appellee,

v.

Carl GOEN and W. I. Davis, Defendants-Appellants.

No. 5792.

Supreme Court of New Mexico.

Nov. 9, 1954.

the second of these concerning the capacity and the model of a certain Autocar truck with Buda engine sold by appellee to appellants. The trial court found for appellee on its open account for $4,280.17, for the appellants on their first cross-claim in the amount of $1,200, and for the appellants on their second cross-claim in the amount of $1,900, the finding on the second cross-claim being the only portion of the judgment rendered from which an appeal is taken. The ultimate judgment, therefore, was against the appellants for the sum of $1,180.17. However, the sole question in this Court concerns the finding of damages for appellants in the sum of $1,900 on the second cross-claim and relates to whether or not the trial court applied the proper measure of damages for the fraud and deceit of appellee in this sale.

For the purpose of this opinion we need not detail the alleged misrepresentations and can accept as true what we believe to be one of the findings of the trial court, namely, that appellee was guilty of fraud and deceit in misrepresenting to appellants the pulling capacity and model of the Autocar truck sold to appellants and equipped with Buda engine.

The trial court on this cross-claim allowed appellants $1,900 in damages, consisting of the reasonable value of the rental of substitute trucks required by appellants as a result of the defective equipment sold to appellants on the fraudulent representa-

Grantham, Spann & Sanchez, Albuquerque, for appellants.

Dale B. Dilts, Albuquerque, for appellee.

SEYMOUR, Justice.

Suit was instituted by appellee against appellants on an open account for services and for goods and merchandise sold relating to truck repairs. Appellants answered, denying the indebtedness, and filing two cross-claims for damages arising from the alleged fraud and deceit of appellee,

tions of appellee. This $1,900 item was comprised of two cancelled checks for rental totalling $1,731.88 and testimony of appellants that there was approximately another $200. One of the appellants was asked:

"Q. Was that all to pay for rental on trucks used to replace Unit No. 1? A. That is right. We had a balance of two hundred some odd dollars on top of these. It was about $1900.00."

Appellants contend that they are entitled, in addition to this amount, to an item comprising the difference between the real and represented values of the motor vehicle at the time of its sale to appellants and further amounts suffered by reason of the loss of use and profits, the loss of the cost of repairs to the defective engine, the loss of the cost of a replacement engine, and additional sums allegedly spent in rentals.

We shall consider first what we deem the principal contention of appellants, that they are entitled to the difference between the real and represented values of this motor vehicle in addition to their expenditure for rentals already allowed. In support of this contention is cited Stewart v. Potter, 1940, 44 N.M. 460, 104 P.2d 736, 738, which clearly adopts in New Mexico the so-called "benefit of bargain" rule in cases of this character and recognizes and adopts the general rule that the defrauded purchaser may recover the difference between the real and represented values of the property at the time of the transaction. That case further holds that recovery cannot be defeated for the sole reason that there may be some slight uncertainty as to whether the exactly correct amount of compensatory damages can be ascertained from the evidence.

We have no quarrel with the principles of law here advanced by appellants. Nevertheless, their contention must fail. The language of this Court in the Potter case and the language in many other decisions from foreign jurisdictions is to the effect "that the uncertainty which prevents a recovery is uncertainty as to the fact of damages, and not as to its amount * * *." However, this principle cannot serve to cover appellants' failure of proof as to value in the instant cause. This rule is for the benefit of those persons who have been damaged by fraud and deceit but whose damage is of a character unsusceptible of accurate proof in terms of monetary loss. The limitation on this doctrine is clearly expressed in the article on damages, 25 C.J.S., Damages, § 28, p. 496— " * * * and when compensatory damages are susceptible of proof with approximate accuracy and may be measured with some degree of certainty, they must be so proved even in actions of tort."

In the instant case the difference between the real value of the truck sold and

the value of the motor vehicle as represented at the time of its sale was easily susceptible of proof. Appellants assert the amount of this differential to be $6,000. The only evidence to support this assertion is briefly as follows and comes from one of the appellants:

"Q. How much did you pay for that new piece of equipment, Mr. Davis? A. Well, I believe the basic cost was $17,200.00.

\* \* \* \* \* \*

"Q. In your opinion, what was the value of that piece of equipment at the time you bought it?

\* \* \* \* \* \*

"A. Well, we, of course, wouldn't have bought it at any price. It might have been a pretty good truck to have bought the Cummins engine for. The Cummins engine sells for about $6,000.-00. You take off $6,000.00 from $17,-000.00, and you got about $11,000.00, a pretty good rig at $11,000.00, and install a 275 Cummins engine in it."

The figure of $6,000 for the cost of the particular make of engine preferred by appellants could not, except by chance, equal the difference in value at which the proof should have been directed to support the recovery here contended for by appellants. The most obvious error is the failure to give any value to the Buda engine installed in the truck at the time of delivery and which must have had some substantial value. It actually pulled the truck some 60,000 miles. Testimony of this inconclusive sort cannot be substituted for accurate testimony as to damages when the accurate testimony is available. Falkner v. Sacks Bros., 1948, 149 Neb. 121, 30 N.W.2d 572.

As a part of this same contention, appellants assert error not only by reason of the refusal of the trial court to find for appellants that "the measure of damages is the difference between the real and represented value of the Autocar truck with Buda engine, in the sum of $6,000.00," but also in the refusal of the trial court to make appellee's requested finding of fact numbered 6 to the effect that "There is not sufficient convincing evidence upon which to find the difference between the real and represented value of the Autocar tractor with the misrepresented Buda engine." Appellants rely on Laumbach v. Laumbach, 1954, 58 N.M. 248, 270 P.2d 385, in which this Court said that it is the duty of the trial court to make findings of fact. In that case the trial court was requested by both parties to make a finding on a material issue; there was conflicting testimony; and the failure to find was held to be error. In reaching this decision, the Court quoted § 19–101(52)(B), 1941 Comp., Rules of Civil Procedure, rule 52(b)(2), and we repeat the following portion of that rule:

"(2) The findings of fact shall consist only of such ultimate facts as are *necessary to determine the issues* in the case, as distinguished from evidentiary facts supporting them. * * *" (Emphasis added.)

In the Laumbach case the determination of the issues posed could not be made without a finding as to whether or not one of the parties had performed a contract. No proper decision on the merits of the Laumbach case could be made absent this finding. This is not true in the instant case. The trial court in the instant case had a clear right to refuse to make a finding concerning the amount of one alleged item of damages if, in fact, there was not sufficient evidence to justify such a finding. The court made a finding on the ultimate fact of appellants' damages in a specified amount. The failure to find as to evidentiary facts concerning particular items of alleged damage must be deemed a refusal of such items and not an erroneous failure to find an ultimate fact. By the same token, had this case been tried to a jury, the trial court would have been justified in refusing to instruct on this "difference in value" theory since there was no evidence to support such an instruction. We find no merit in appellants' reliance upon Laumbach v. Laumbach, supra.

Under Stewart v. Potter, supra, we have said that in cases of this character, i. e., fraud and deceit, the difference between the real and represented values of the property at the time of sale is a proper measure of damages. We did not say in that case that additional special damages could not be recovered if proved. The trial court's finding of $1,900 damages based upon necessary expenditure for rentals is such an item of special damages. There remains in this case the question of whether, as urged by appellants, some of the other items outlined above, such as loss of use and profits, constitute recoverable damages in addition to the rentals already allowed. There remains also the alleged error of the trial court in the amount of damages allowed as rental.

Again we have no quarrel with the general rule recited by appellants that they are entitled to recover such damages as are the direct and natural consequence of their acting in reliance upon appellee's false representations. 7 Blashfield, Cyclopedia of Automobile Law and Practice, § 4413, p. 305. As heretofore stated, the basic measure of damages in this type of case is the difference between the actual and represented values of the equipment. Stewart v. Potter, supra; Blashfield, supra. Our reason for sustaining the trial court's refusal to grant this has already been discussed.

The trial court properly allowed as damages an amount based upon rentals spent by appellants as a result of appellee's misrepresentations. In this connection appellants contend that the $1,900 so allowed and based upon specific proof is insufficient since one of appellants testified as follows as to additional rentals: "I paid Mr. Smelser around $400 I believe; and I paid Mr. Latham nine hundred or a thousand dollars, something like that." No effort was made to produce invoices on these items, no explanation made of such failure; no effort was made to pin down an exact amount, or showing made why it could not be done; it is not established that such additional rentals were addressed exclusively to the replacement of the vehicle in question. These appellants were businessmen presumably with business records available. We have already stated the rule that "When compensatory damages are susceptible of proof with approximate accuracy and may be measured with some degree of certainty, they must be so proved even in actions of tort." Under these circumstances, we shall not disturb the finding of the trial court as to the amount of damages addressed to this item.

Turning now to the remaining items of special damages, appellants seek some $2,400 for loss of use and profits. They have already received $1,900 on the item of rentals. In Babbit, Motor Vehicle Law (4th ed.), § 2330, p. 1691, we find the following:

"Damages for deprivation of use. It is a well-established rule that the value of the use of an automobile during the time repairs are being made thereon is a proper item of damages recoverable against the person causing the injury which necessitated the repairs, * * * The manner of loss is generally computed by rental value,— by the expense of hiring a substitute,— rather than by the actual loss of business sustained, * * *"

From a reading of this text and from a consideration of what this rental money means in fact, it is our conclusion that in this case to allow damages for loss of use and profits would be a duplication of the damages allowed for necessary rentals. Presumably a substitute truck having been rented and used, profits would be unimpaired. Duplication of damages is not proper. Atlantic Coast Line Railroad Co. v. Saffold, 1938, 130 Fla. 598, 178 So. 288; 25 C.J.S., Damages, § 84, p. 607; 17 C.J. (Damages) p. 884.

Appellants further seek some $2,100 additional damages for money spent on the repair of this truck. The case of Texarkana Motor Co. v. Brashears, Tex. Civ.App., 1931, 37 S.W.2d 773 discusses in detail the distinction in damages properly allowed to a defrauded buyer in cases in

which (a) the property is returned and the remedy is rescission; (b) the property is retained and the remedy is confined to pecuniary damages. This case clearly holds, as we read it, that a buyer who has kept the property, sued for pecuniary damages and has recovered the difference in value, is not entitled to recover for repairs voluntarily made upon the defective equipment which he has elected to hold as his own property. Again, such a recovery would constitute a duplication of damages. However, in the instant case there is another factor to be taken into consideration: The buyer, by reason of his own failure to furnish available proof, did not recover the difference between the real and represented values of the equipment.

If the failure of appellants to recover this difference in value arose from the impossibility of making a reasonably accurate showing of the loss involved, it would seem proper to consider other items, which might duplicate a loss covered by value, in determining the amount of the damages suffered. In the instant case, however, appellants' failure to recover the difference in values results from appellants' own failure to produce evidence obviously available to them. In this situation, another principle of compensatory damages must be applied and its application denies recovery to appellants on this item of repairs. The summary at 25 C.J.S., Damages, § 71, p. 560, reads as follows:

"Stated broadly, the measure of compensatory damages is such sum as will compensate the person injured for the loss sustained, *with the least burden to the wrongdoer* consistent with the idea of fair compensation." (Emphasis added.)

The following cases cited by the text support this statement: Rickenbaugh v. Asbury, 1938, 28 Ala.App. 375, 185 So. 181; S. A. Gerrard Co. v. Fricker, 1933, 42 Ariz. 503, 27 P.2d 678; International Harvester Co. of America v. Chicago, M. & St. P. Ry. Co., 1919, 186 Iowa 86, 172 N.W. 471.

██ Along the same lines, it has been stated that when a plaintiff may be entitled to recover damages upon two possible theories either of which will compensate him for his loss, it is the duty of the court to apply the theory which is least burdensome to the defendant. 25 C.J.S., Damages § 72 Choice as to Method of Determination, p. 562.

The special damages here sought, in addition to the alleged $6,000 difference in value, may be summarized as follows: Rental, $3,031.88; Loss of use and profits, $2,407.50; Cost of repairs, $2,123; Cost of replacement engine, $3,672; Total, $11,234.38.

██ Had appellants recovered the difference between the real and represented

values of the equipment, we are satisfied that the cost of repairs and the cost of a rebuilt engine to replace the misrepresented one would constitute a duplication of damages. This means that the trial court was faced with two theories of damages and charged with the responsibility of applying the theory least burdensome to appellee. Through the fault of appellants in failing to furnish any substantial evidence as to difference in value, the trial court had no foundation upon which to base a choice as to the proper theory of damages. Under these circumstances, we shall not hold the trial court in error for refusing to make an allowance to appellants for repairs or for the cost of a rebuilt engine. The result of a contrary holding would be that, in cases where special damages of this nature could be expanded at will, plaintiffs at their option could collect damages on either of two theories, making their choice, of course, on the theory which would net them the greatest recovery.

It seems probable from a review of this entire record that appellants were damaged in an amount in excess of the amount allowed to them by the trial court. In view, however, of the looseness and paucity of the evidence offered by appellants to sustain their basic claim of damages for the difference between the real and represented values of this equipment and in accordance with the general rules applicable to compensatory damages, we do not feel justified in reversing the decision of the trial court as to its refusal to allow damages on the special items discussed above.

Judgment is affirmed.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON and LUJAN, JJ., concur.