376 P.2d 976

STATE of New Mexico ex rel. S. E. REYNOLDS, State Engineer, Plaintiff-Appellant,

v.

BOARD OF COUNTY COMMISSIONERS, COUNTY OF GUADALUPE, consisting of Daniel Ulibarri, W. F. Johnson and Manuel Facio, Defendants-Appellees.

No. 6618.

Supreme Court of New Mexico.

Feb. 28, 1962.

Rehearing Denied Jan. 4, 1963.

Hilton A. Dickson, Jr., Atty. Gen., Charles D. Harris, J. Lee Cathey, Roswell, for appellant.

Donald A. Martinez, Dist. Atty., Las Vegas, for appellees.

SAMUEL Z. MONTOYA, District Judge.

This appeal is from an order of the District Court of Guadalupe County dismissing the action filed by the plaintiff on the ground that the plaintiff State of New Mexico on the relation.of the State Engineer in a mandamus action had failed to establish the necessity for the .creation of the Pecos River Subdistrict of the Pecos

River System in Guadalupe County, New Mexico.

The cause was before the trial court on an alternative writ of mandamus directed to the Board of County Commissioners of Guadalupe County, it being alleged therein that the State Engineer had declared a water district, then employed a water master and assistants to supervise same, and that thereupon the said State Engineer submitted to the County Commissioners, a budget for the county's portion of the water master's assessment, but that the County Commissioners had failed and refused to place the assessment on the tax rolls. The County Commissioners thereupon filed a response alleging, among other things, that the writ should be dismissed for the reason that the State Engineer in declaring the Subdistrict had not complied with the law, that the action of the State Engineer was arbitrary and unnecessary for the economical and satisfactory apportionment of the water along the Subdistrict so declared, and that the State Engineer or the water master appointed by him had not supervised the apportionment of any waters in said Subdistrict.

The case was tried to the court, and at the close of the State's case the Respondents, appellees herein, moved for a dismissal of the action, which motion was granted. Prior to the formal entry of the order dismissing the action, the State submitted to the trial court Requested Findings of Fact and Conclusions of Law, some ten days after the hearing. The trial court took no action on said requests, and some three months later the trial court entered its written order dismissing the action brought by the State, from which order this appeal is being prosecuted.

Appellant, the State, complains that the dismissal of the action by the trial court was an arbitrary exercise of its discretionary powers, that the appellees, who were defendants below, were not proper parties to question the validity of the water Subdistrict created, and finally, that the trial court erred in failing to make separate findings of fact and conclusions of law.

The last two contentions of the appellant will be discussed in the order set out above, as they will determine the action to be taken on this appeal.

Appellant argues under its Point II that the appellees, defendants below, are not proper parties to question the validity of the Pecos River Subdistrict. Appellee answers that this contention raises a new issue in this court which was not raised below and is contrary to the rules of this court.

However, on the 13th day of October, 1958, and prior to the entry of its order dismissing this case, the appellant filed its requested findings of fact and conclusions of law, which among others, included re-

quested conclusion of law number one, reading as follows:

"That the defendant county commissioners are ministerial officers under authority of the Pecos River Water District and are not proper persons to dispute the existence, the validity or administration of such district."

The filing of such a requested conclusion of law sufficiently invoked the ruling of the trial court upon this very issue. Therefore, we turn to a consideration of the question presented by such requested conclusion of law.

What then were the duties of the Board of County Commissioners of Guadalupe County after the Pecos River Subdistrict had been declared and created by the State Engineer and acting pursuant to statute the said Engineer had submitted to the said Commissioners a certified budget for Guadalupe County's portion of the water master assessment and to have same placed on the tax rolls?

The pertinent portions of Section 75–3–4, N.M.S.A.1953 Compilation, read as follows:

" * * * As soon as possible after the appointment of any water master the state engineer shall prepare a budget of the estimated amounts required to pay the compensation and expenses of the water master and his assistants to the end of the then current fiscal year, and shall certify the same to the board of county commissioners of the county wherein the duties of the water master are to be performed, which budget shall specify the distribution of the amounts to be charged against and allotted to each water user or ditch owner, and which respective amounts shall be based upon the quantity of water received or to be received by each in proportion to the total quantities of water delivered or to be delivered under the water rights of all.

"Thereafter, before the beginning of each succeeding fiscal year, the state engineer shall likewise prepare a similar budget for the ensuing fiscal year and shall likewise certify the same to the proper board of county commissioners.

"If a water district for which a water master is appointed lies within more than one (1) county, the budget shall be certified to the board of county commissioners of each county within which any portion of such district is situated, and shall set out the proportionate amount of the budget total to be paid by each county respectively.

"When such budgets are received by the board of county commissioners, it shall immediately cause the county treasurer to extend upon the tax rolls

of the county for the year contemplated in the budget, the amounts therein required to be raised and in accordance with the budget distribution thereof, and such respective amounts so distributed and entered upon said tax rolls shall be payable and shall be collected at the times and in the manner provided by law for the payment and collection of other taxes, and shall be a lien upon the property of the respective water users or ditch owners to the same extent other taxes levied are a lien thereon. When collected, the county treasurer shall place such moneys into a special fund to be designated as 'Water Masters Administration Fund for the District of ———— (name of District,'[)] and such fund shall be expended only for the purposes set out in said budget.

"The salary and expenses of the water master and of his assistants shall be paid monthly by the board of county commissioners out of said special fund so created only upon the itemized voucher of the state engineer."

There was testimony that the state engineer had submitted a certified copy of the Water Master's budget to the Board of County Comissioners of Guadalupe County and it was stipulated that the 1955 budget was in the possession of the County Clerk of Guadalupe County.

The question to be determined then is whether the duties to be performed by the County Commissioners under the said Section 75–3–4, supra, are ministerial and whether mandamus will lie to compel the performance of such duties.

In State ex rel. Four Corners Exploration Co. v. Walker, 60 N.M. 459, 292 P.2d 329, it was held that the purpose of mandamus is to compel the performance of a ministerial duty which one charged with its performance has refused to perform. Continuing in State ex rel. Four Corners Exploration Co. v. Walker, supra, this court stated as follows:

"[2, 3] While mandamus will not lie to correct or control the judgment or discretion of a public officer in matters committed to his care in the ordinary discharge of his duties, Hart v. Walker, 40 N.M. 1, 52 P.2d 123; State ex rel. McElroy v. Vesely, 40 N.M. 19, 52 P.2d 1090, it is nevertheless well established that mandamus will lie to compel the performance of mere ministerial acts or duties imposed by law upon a public officer to do a particular act or thing upon the existence of certain facts or conditions being shown, even though the officer be required to exercise judgment before acting, State v. Marron, 18 N.M. 426, 137 P. 845, 50 L.R.A.,N.S., 274; State

ex rel. Evans v. Field, 27 N.M. 384, 201 P. 1059; State v. Field, 31 N.M. 120, 241 P. 1027; State ex rel. Walker v. Hinkle, 37 N.M. 444, 24 P.2d 286. A ministerial act, as applied to a public officer, is an act or thing which he is required to perform by direction of law upon a given state of facts being shown to exist, regardless of his own opinion as to the propriety or impropriety of doing the act in the particular case."

It is said in 27 C.J.S. Discretion § 110, p. 291, that:

" * * * Discretion in performing an act arises when it may be performed in one of two or more ways, either of which would be lawful, and where it is left to the will or judgment of the performer to determine in which way it should be performed, *but when a positive duty is enjoined and there is but one way in which it can be performed lawfully, then there is no discretion."* (Emphasis ours.)

In accordance with the provisions of Section 75-3-4, it is required that when such budgets are received by the Board of County Commissioners, it shall immediately cause the County Treasurer to extend upon the tax rolls of the county for the year contemplated in the budget the amounts therein required to be raised. No duty is imposed upon the commissioners to deter-

mine if the act required to be performed is proper or improper.

In the case at bar, the respondents were tendered a certified budget and having received the same, they were therefore bound to comply with the command of the statute which imposes upon the respondents a ministerial duty in which it had no discretion. State ex rel. Four Corners Exploration Co. v. Walker, supra, Laumbach v. Board of County Commissioners, 60 N.M. 226, 290 P.2d 1067.

Appellant then contends that the trial court erred in failing and refusing to make separate findings of fact and conclusions of law even though appellant had seasonably tendered requests therefor. Appellees argue that the grounds on which the trial court dismissed the cause below constitute a sufficient finding to enable this court to review the action and that no findings were warranted or necessary.

This court has consistently held that the trial court must, when requested in non-jury actions, find one way or another upon a material issue. Section 21-1-1(52) (B), N.M.S.A.1953 Compilation, provides, in part, as follows:

"a * * * (1) Upon the trial of any case by the court without a jury, its decision which shall consist of its findings of fact and conclusions of law,

must be given in writing and filed with the clerk in the cause. In such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately."

In Laumbach v. Laumbach et al., 58 N.M. 248, 270 P.2d 385, we held this to be a mandatory provision. Continuously this court has maintained the position that in those cases tried without a jury it is the duty of the trial court to make findings of fact and conclusions of law. See Sandoval County Board of Education v. Young, 43 N.M. 397, 94 P.2d 508; Pankey v. Hot Springs National Bank, 46 N.M. 10, 119 P.2d 636; Goldenberg v. Village of Capitan, 53 N.M. 137, 203 P.2d 370; Prater v. Holloway, 49 N.M. 353, 164 P.2d 378; State National Bank of El Paso, Texas v. Cantrell, 46 N.M. 268, 127 P.2d 246.

Appellees contend that the recital in the order of the trial court when the trial court sustained the motion made by appellees that the case be dismissed for the reason that the plaintiff has failed to establish the necessity for the creation of the water subdistrict, constitutes a sufficient finding to enable this court to review the lower court's decision as rendered. We cannot agree with the contention of appellees. To so do would be to completely ignore the statute, 21–1–1(52) (B), N.M. S.A.1953 Compilation, and the many decisions of this court, some of which are cited herein.

Having concluded that the respondents were chargeable with the performance of a ministerial duty, for the performance of which mandamus will lie, the judgment of the trial court must be reversed and it therefore becomes unnecessary to determine the remaining questions presented in this appeal.

The judgment is reversed with directions to the trial court to reinstate the case upon its docket and to proceed in accordance with the views herein expressed.

IT IS SO ORDERED.

COMPTON, C. J., and CARMODY and MOISE, JJ., concur.

CHAVEZ and NOBLE, JJ., not participating.