392 P.2d 675

**Ray EDINGTON, Plaintiff-Appellant,**

**v.**

**Rosalio ALBA, Defendant-Appellee.**

**No. 7411.**

Supreme Court of New Mexico.

June 1, 1964.

264

Woodbury, Schaber & Nunn, Lordsburg, Schaber & Arthur, Deming, for appellant.

E. Forrest Sanders, William W. Bivins, Las Cruces, for appellee.

NOBLE, Justice.

Appellant (plaintiff) has appealed from a money judgment in his favor but for less than was claimed.

Judgment was entered November 9, 1962 following trial of the issues on November 16, 1960. Neither party tendered requested findings nor conclusions during the nearly two years after trial and prior to entry of judgment, nor were separate findings or conclusions made by the trial court. The court's failure to separately find the facts upon all material issues forms the basis of appellant's appeal. He urges an interpretation of Rule 52(B) (§ 21–1–1–(52) (B), N.M.S.A.1953) which requires a reversal upon a showing of failure of the court to separately find the facts without a request from counsel.

■ This court has held in an unbroken line of decisions that it is the court's duty to find one way or another upon material issues, when timely requested to do so in a non-jury action. Laumbach v. Laumbach, 58 N.M. 248, 270 P.2d 385; State ex rel. Reynolds v. Board of County Commissioners, 71 N.M. 194, 376 P.2d 976. Appellant recognizes the force of our decisions in holding that this court, on appeal, will not consider whether the trial court erred in failing to make separate findings and conclusions where, as here, the complaining party neither tendered specific requests nor made a general request in writing. Carlisle v. Walker, 47 N.M. 83, 136 P.2d 479; In re Guardianship of Caffo, 69 N.M. 320, 366 P.2d 848; Gilmore v. Baldwin, 59 N.M. 51, 278 P.2d 790; Rule 52(B) (a) (6) (§ 21–1–1(52) (B) (a) (6), N.M.S.A.1953). Relying upon 5 Moore's Federal Practice § 52.06; Bailey v. Leeper, 142 Cal.App.2d 460, 298 P.2d 684; and Sharove v. Middleman, 146 Cal.App.2d 199, 303 P.2d 900, appellant urges us to overrule our prior decisions.

The New Mexico rule 52(B) (a) (6) provides that a party waives specific findings if he fails to tender them or make a general request therefor in writing. Our rule thus differs from federal rule 52(a) and the California statute, both of which provide that requests are unnecessary for a review. The authorities cited are distinguishable upon the difference in rules. In any event, in view of the long-standing construction of Rule 52(B) in this jurisdiction, we decline to overturn our prior decisions interpreting this rule to require a timely request to the trial court.

■ Moreover, appellant did not request findings or conclusions prior to the entry of judgment. Although he did file a motion to vacate the judgment within ten days thereafter, which motion was denied, actually re-

quested findings and conclusions were not filed until twenty-five days later. Thus, appellant, who failed to timely request findings cannot obtain a review of the evidence on appeal. Gillit v. Theatre Enterprises, Inc., 71 N.M. 31, 375 P.2d 580, 583; Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652.

■ The record discloses that the trial court did, by supplemental written decision, make a general finding of fact which is sufficient to support the judgment. The ends of justice do not require a remand for further findings of fact. Prater v. Holloway, 49 N.M. 353, 164 P.2d 378, is not controlling under the facts of this case.

■ We find no merit in appellant's argument seeking to excuse his failure to request findings upon the ground that a party need not tender requests for findings until the court has made and entered its own findings. Orderly procedure and § 21-1-1(52) (B), N.M.S.A.1953 obviously require that the parties submit their requested findings and conclusions before the trial court is required to make any particular finding not necessary to support its judgment. Compare State ex rel. Reynolds v. Board of County Commissioners, supra.

■ Our disposition of the preceding questions disposes of appellant's argument that he was denied a reasonable opportunity to request findings and conclusions after the court's decision. It is discretionary whether the court will vacate its judgment, upon motion filed within ten days after judgment, to permit the filing of requested findings of fact and conclusions of law by a party who has not theretofore tendered specific findings or a written request therefor. A review of a trial court's action in the exercise of discretion does not depend upon whether the appellate court would have reached the same conclusion, but rather upon whether there was an abuse of discretion. Rogers v. Lyle Adjustment Co., 70 N.M. 209, 372 P.2d 797; Coastal Plains Oil Co. v. Douglas, 69 N.M. 68, 364 P.2d 131. In view of the nearly two years between the date of trial and the entry of judgment during which long period no tender of specific findings on the material issues was made, we cannot say as a matter of law that the trial court abused its discretion in refusing to vacate its judgment.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.