432 P.2d 845

**Iva Lee CURBELLO, Plaintiff-Appellant,**

**v.**

**Vivian Margarite VAUGHN, Individually and as Executrix of the Last Will and Testament of Edna Baker Rice, Deceased, Belle Rizzuto, Clyde H. Hurley, E. J. Hurley, Emil Hurley and Hazel Thorpe, Defendants-Appellees.**

**No. 8402.**

Supreme Court of New Mexico.

Oct. 23, 1967.

E. P. Ripley, Zinn & Donnell, Santa Fe, for appellant.

Emmett C. Hart, Tucumcari, for appellees.

OPINION

NOBLE, Justice.

We dismissed the first appeal of this case as premature because no formal judgment had been entered. Curbello v. Vaughn, 76 N.M. 687, 417 P.2d 881. Findings of fact and conclusions of law had been entered by Honorable E. T. Hensley, Jr., the trial judge, who is now Chief Judge of the Court of Appeals. A judgment conforming to the decision of Judge Hensley has now been entered by Judge Blythe of the Ninth Judicial District sitting by stipulation. This appeal is from that judgment

The action sought specific performance of an oral agreement to devise certain real estate to plaintiff in consideration of her taking care of Edna Baker Rice, the decedent, during the remainder of her life. At the conclusion of plaintiff's case, she

moved, pursuant to Rule of Civil Procedure 15(b) (§ 21–1–1(15) (b), N.M.S.A. 1953), and the trial court granted permission to amend the complaint to conform to the proof, so as to allege that during her lifetime the decedent conveyed certain of the real estate to plaintiff. The amended pleading then sought a judgment declaring Lots 1 and 2 in Block 9 of the Russell Addition to Tucumcari to be vested in plaintiff in fee simple. Plaintiff requested findings and conclusions so declaring the title and defendants' requested findings to the effect that there was only a conditional delivery of the deed with its subsequent return to the grantor by an escrow agent at plaintiff's request with intent that it be destroyed and ineffective. The court refused all requests concerning the deed and its effect and made none concerning it.

The trial court must, when requested, find one way or another upon a material issue. Rule of Civil Procedure 52(B) (§ 21–1–1(52) (B), N.M.S.A. 1953):

"(a) * * * (1) Upon the trial of any case by the court without a jury, its decision which shall consist of its findings of fact and conclusions of law, must be given in writing and filed with the clerk in the cause. In such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately.

"(2) The findings of fact shall consist only of such ultimate facts as are necessary to *determine the issues in the case,* as distinguished from evidentiary facts supporting them. Such findings shall be separately stated and numbered.

"* * *" (Emphasis supplied.)

In Laumbach v. Laumbach, 58 N.M. 248, 270 P.2d 385, we said, concerning its construction:

"We consider this a mandatory provision. Obviously the rule means, that where, as here, request is seasonably made, it is the duty of the trial court to find all of the ultimate facts. * * *"

See, also, Edington v. Alba, 74 N.M. 263, 392 P.2d 675; State ex rel. Reynolds v. Bd. of County Comm'rs, County of Guadalupe, 71 N.M. 194, 376 P.2d 976.

Clearly, whether a deed executed by the decedent during her lifetime was valid and was unconditionally delivered to the plaintiff, so as to vest in her a present fee simple title to certain of the real estate involved in this action, or whether as contended by defendants there was only a conditional delivery with a subsequent return of it to the grantor with the intent that it be not effective, was put in issue by the amendment to conform to the proof. In this case, the court was requested by both parties to make findings of fact on a material issue, and on conflicting evidence. Failure to do so constitutes error.

It is unfortunate that this case cannot be merely remanded with direction to make findings one way or another respecting the effect of the deed and certify those findings to this court. However, in view of the fact that the judge before whom the case was tried has since resigned as district judge, and that the Honorable Dee C. Blythe, District Judge, has been agreed upon by stipulation of the parties to act in "any and all further district court proceedings," and has in fact acted in certain matters, makes such a remand impossible. In view of the fact that the omitted findings cannot be made by the judge who heard the evidence, the judgment must be reversed and the cause remanded with instructions to vacate the judgment and grant the parties a new trial. The costs will be equally divided between the parties.

It is so ordered.

COMPTON and CARMODY, JJ., concur.