449 P.2d 331

**H. Paul AGUAYO and Ruth E. Aguayo, his wife, Plaintiffs-Appellants,**

**v.**

**VILLAGE OF CHAMA, Defendant-Appellee.**

**No. 8615.**

Supreme Court of New Mexico.

Jan. 13, 1969.

**730**

Ernest E. Valdez, Santa Fe, for plaintiffs-appellants.

Monroe L. Fox, Chama, for defendant-appellee.

OPINION

NOBLE, Chief Justice.

H. Paul Aguayo and Ruth, his wife, were the owners of approximately six acres of real estate situate at Chama, New Mexico, upon which they had a residence and upon which they commenced construction of a commercial trailer park. After acquisition of the property by plaintiffs, the village of Chama constructed a sewage disposal plant at a place approximately 220 feet from plaintiffs' house. Plaintiffs brought action seeking (1) a mandatory injunction requiring Chama to abate an alleged nuisance resulting from the operation of the disposal plant; (2) damages for loss of use of the premises and loss of rental income; (3) permanent damages resulting from the alleged nuisance; and (4) inverse condemnation for consequential damages. From a judgment denying injunctive relief and damages, and awarding Chama judgment against the plaintiffs in the sum of $98.00, plaintiffs have appealed.

Plaintiffs have not attacked the denial of injunctive relief by either a point relied upon for reversal or by argument. They have, accordingly, abandoned their appeal from the judgment denying injunctive relief. Supreme Court Rule 15(11) (§ 21–2–1(15) (11), N.M.S.A.1953 (Supp. 1967)). No appeal was taken from the money judgment rendered against the plaintiffs on the counterclaim.

Relying on article II, § 20 of the State Constitution, plaintiffs assert that they are entitled to recover consequential damages to their land without establishing either that the treatment plant constitutes a nuisance or that it was negligently operated. Thus, they contend they are entitled to damages because of the mere proximity of the plant. However, not every depreciation in the market value of land resulting from the proximity of a public improvement is a damage in the constitutional sense. A majority of the states adopting the "damage clause" hold that when an injury complained of is not due to interference of enjoyment by an abutter of his frontage on a public way, or by a riparian owner of his adjacency to a stream, and does not consist of any physical injury to property cognizable to the senses, there is ordinarily no damage for which the constitution requires compensation unless the injury is one for which a liability would have existed at common law if it had been inflicted without statutory authority. 2 Nichols, Eminent Domain (3d Ed.) 519, § 6.4433. Thus, the mere location of the treatment plant in the neighborhood of plaintiffs' land gives rise to no cause of action unless it is a nuisance per se. Generally speaking, a sewage disposal plant is not a nuisance per se, but is only a nuisance in fact or per accidens, and, in the present case, the trial court has found,

on the basis of substantial evidence, that the sewage plant can be efficiently operated so as to eliminate all offensiveness. Annot., 40 A.L.R.2d 1177, 1206; Ryan v. City of Emmetsburg, 232 Iowa 600, 4 N.W. 2d 435, 438; City of Harrodsburg v. Brewer, 243 Ky. 378, 48 S.W.2d 817.

■ The language of the Iowa Supreme Court in Miller v. Town of Ankeny, 253 Iowa 1055, 114 N.W.2d 910, 914, expresses our view as to the situation in this case. That court said:

"Where, as here, a nuisance is not permanent but subject to abatement, in the absence of injury to the property itself, the measure of damages is the diminution in rental value caused by the nuisance together with such special damages, as for discomfort and annoyance, as may result therefrom. This rule applies even though plaintiff is both owner and occupant of his premises."

See also Kellerhals v. Kallenberger, 251 Iowa 974, 103 N.W.2d 691, 695, and citations; Schlotfelt v. Vinton Farmers' Supply Co., 252 Iowa 1102, 109 N.W.2d 695, 702. It is thus settled in this case that the mere construction of the sewage treatment plant in proximity to plaintiffs' land does not constitute a permanent nuisance for which consequential damages are required to be awarded.

Error is asserted in the failure of the trial court to award damages, on a temporary-nuisance theory, for the annoyance and inconvenience experienced by the plaintiffs as a result of odors emanating from the disposal plant and from a nearby lagoon into which the village had deposited refuse prior to the completion of the plant.

■ While the court found that "from time to time during the period from Nov. 11, 1965, the plant has emitted offensive odors which have temporarily interfered with the use and enjoyment of the plaintiffs' lands," nevertheless it denied recovery on the premise, it would seem, that no diminution in the rental value of the property was shown. Our review of the record discloses that the court's finding with

respect to rental value has substantial support in the evidence, but the court erred, we believe, in considering loss of rental value a prerequisite to recovery for annoyance and inconvenience.

The majority rule respecting the right of a property owner to recover damages for discomfort, annoyance, etc., resulting from a temporary nuisance is stated thus in an exhaustive annotation in 142 A.L.R. at 1322, as follows:

"The question whether an occupant of real estate (whether owner or not) may recover damages for discomfort, annoyance, etc., personally resulting to him from a nuisance, *in addition to, or separate from, any sort of property damages,* is most distinctly presented in cases where the claim for the personal damages is accompanied by a claim for depreciation in rental or use value of premises. *In most jurisdictions the rule is that the personal damages are recoverable in addition to, or separate from, damages for diminution in rental or use value.* This rule seems clearly to involve the idea that the law will not presume that one responsible for a temporary nuisance will continue it, and will not require the occupant of premises to abandon them to avoid consequences to his person." (Emphasis added.)

See also Annot., 49 A.L.R.2d § 14 at p. 284.

■ Defendant contends that no proof of any amount of such special damages was offered; hence, no harmful error resulted from the failure of the court to award special damages for any annoyance or discomfort to plaintiffs. No precise rule for ascertaining such special damages can be given. It is for the trier of the facts to determine the amount of damages, in view of the discomfort or annoyance to which the plaintiffs have been subjected. City of Wichita Falls v. Whitney, 26 S.W.2d 327 (Tex.Civ.App.1930); see also Wofford v. Rudick, 63 N.M. 307, 318 P.2d 605. As to such special damages, there need not be testimony of any witness as to the amount in dollars and cents necessary to compen-

732

sate plaintiffs. The amount, to be determined from the evidence concerning the annoyance and discomfort, is usually within the sound discretion of the trier of the facts. Fox v. City of Joliet, 150 Ill.App. 491 (1909).

 Evidence that the village dumped raw sewage into a lagoon in the vicinity of plaintiffs' property causing disagreeable odors and resulting in personal discomfort and annoyance to plaintiffs was admitted without objection. At the conclusion of the case, they requested permission to amend their pleadings to conform to the proof, which the court refused. Where issues are tried by express or implied consent of the parties, that is, upon the admission, without objection, of evidence upon an issue not pled, the pleadings will be treated as if they had been amended and the issue raised thereby. Rule of Civil Procedure 15(b) (§ 21–1–1(15) (b), N.M. S.A.1953). The fact that the amendment was not actually made is unimportant. Berkstresser v. Voight, 63 N.M. 470, 321 P.2d 1115; Luvaul v. Holmes, 63 N.M. 193, 315 P.2d 837.

Plaintiffs requested findings of fact to the effect that on October 1, 1964 the village commenced dumping raw sewage into the lagoon and that foul and offensive odors were emitted therefrom; also that they suffered damages at the rate of $10 per day as a result of the annoyance and inconvenience caused by the foul odors, which would include those from the lagoon as well as from operation of the treatment plant. These requested findings were refused. The court failed to find either way on these issues. The trial court must, when requested, find one way or the other upon a material fact issue, and failure to do so constitutes error. Curbello v. Vaughn, 78 N.M. 489, 432 P.2d 845; Laumbach v. Laumbach, 58 N.M. 248, 270 P.2d 385.

It follows that the case must be reversed and remanded with instructions to enter findings one way or the other respecting any special damages suffered by plaintiffs during the time they occupied the premises,

by reason of annoyance or discomfort to them as a direct result of odors amounting to a nuisance resulting from defendant's conduct, and to enter such judgment as may be required by reason of such findings of fact. In all other respects, the judgment appealed from is affirmed. Each party shall bear its own costs.

It is so ordered.

MOISE and COMPTON, JJ., concur.