491 P.2d 517

Joe T. PRICE, Plaintiff-Appellee,

v.

Reba Smith PRICE, Defendant-Appellant,

v.

Mrs. G. T. (Gladys) PRICE, Intervenor-Appellee.

No. 9247.

Supreme Court of New Mexico.

Dec. 13, 1971.

Jack T. Whorton, Alamogordo, for appellant.

Lon P. Watkins, Carlsbad, for appellees.

## OPINION

COMPTON, Chief Justice.

On July 30, 1969, a divorce was granted on defendant's counterclaim. The custody of their minor son of 16 months was awarded to the defendant, with reasonable visitation rights granted to the plaintiff and Mrs. J. T. Price, plaintiff's mother and the named intervenor.

Subsequently, on October 1, 1970, the plaintiff and intervenor, moved for a definite visitation order, alleging that neither he nor his mother had been given reasonable opportunity to visit with the child or to have the child visit with them in the home of the intervenor where the plaintiff resided. The defendant resisted the motion and following a hearing thereon, the court entered the following order:

"1. That the Decree heretofore entered in this cause with respect to the custody and visitation rights of plaintiff and intervenor be modified and that intervenor, Mrs. J. T. (Gladys) Price be, and she hereby is allowed to have the minor child of the parties, Joseph Thomas Price III, with her for one week of each month beginning at 8:00 a.m. on each Tuesday of the first week of each month, and she shall return said child to his mother at Artesia, New Mexico on each following Sunday of each month at the hour of 8:00 p.m."

The defendant is seeking a review of alleged errors. The decisive question here is whether the above order affects a change of custody of the child or is a mere clarification of rights of visitation. We are inclined to the latter view. We are not unmindful of the rule that to modify a custody decree, the burden is on the moving party to satisfy the court that circumstances have so changed as to justify the modification. Tuttle v. Tuttle, 66 N.M. 134, 343 P.2d 838; Fox v. Doak, 78 N.M. 743, 438 P.2d 153.

Modification of the decree as to custody of the child was not sought and from a reading of the record, it is obvious that reasonable visitation rights were not available to the plaintiff and intervenor in the home of the defendant.

We are slightly baffled just why the intervenor-grandmother was permitted to enter the case. Be that as it may, the divorce decree of July 30, 1969, specifically recites that the court had jurisdiction of the parties and the subject matter, and the intervenor was named as a party therein. Other points urged for a reversal of the order are found without merit.

The judgment should be affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.

MONTOYA and OMAN, JJ., dissenting.

MONTOYA, Justice (dissenting).

I cannot agree with the majority opinion. The majority have decided that the order of the trial court does not change custody, but is merely a clarification of visitation rights. The order which modified the previous decree is, by its terms, a modification of "custody and visitation rights of plaintiff and intervenor." The previous decree of the trial court, entered on July 30, 1969, provided that "the plaintiff and intervenor are entitled to rights of reasonable visitation with said child."

The motion filed below by plaintiff and intervenor sought both a clarification of visitation rights and an order allowing the child to visit with plaintiff and intervenor over Saturday and Sunday twice monthly. The trial court, in the order now before us, authorized the intervenor to have the child from 8:00 a.m. each Tuesday of the first week of every month until the following Sunday at 8:00 p.m. The effect of the order is that the child is with the intervenor a total of six days, or one-fifth of each month. I do not believe that such an arrangement can properly be said to constitute visitation rights only. The court's order amounts to nothing less than a shared or split custody between the defendant-

mother of the child and the intervenor-grandmother. The order provides only for the intervenor to have the child for six days each month, without any mention being made about visitation rights awarded to the plaintiff-father. Although the evidence shows that the father lived in the same house with the intervenor, the record further discloses that the plaintiff-father had not, since the entry of the final decree on July 30, 1969, ever exercised visitation rights afforded him under the original decree.

This case should be remanded to the trial court for a clarification of the order from which this appeal resulted. The record does not contain the pleadings filed by the parties or considered by the court before the entry of the final decree. There is nothing in the record to indicate whether the intervenor had standing to litigate the question of visitation or custodial rights. The transcript of proceedings indicates that the trial judge wanted to confer visitation rights on the intervenor-grandmother; however, the trial judge, in his oral decision, stated:

"* * *. I do not find that the allegations of the Complaint of the Intervenor that Reba Smith is an unfil [sic] person to have the custody, care, and control of the child has been sustained. The Complaint of the Intervenor will be dismissed. * * *."

No formal order was ever entered dismissing the complaint in intervention pursuant to the trial court's oral ruling, but it raises the question as to the legal standing of the intervenor in the proceeding.

Another reason requiring a remand of this case is the failure of the trial court to make findings of fact and conclusions of law as required by Rule 52(B) (a), Rules of Civil Procedure (§ 21–1–1(52) (B) (a), N.M.S.A., 1953 Comp. (Repl.Vol. 4, 1970)). Both the defendant and intervenor submitted requested findings of fact after the trial court had ruled on the motion for modification. No disposition of such requests by the trial court appears in the record. Pursuant to the motion, the trial court received evidence to clarify visitation rights and findings were required under Rule 52(B) (a), supra. The motion is not one under Rules 12, 50 or 56, Rules of Civil Procedure (§§ 21–1–1(12), 21–1–1(50) or 21–1–1(56), N.M.S.A., 1953 Comp. (Repl.Vol. 4, 1970) ), where findings of fact are not required under the exceptions set forth in Rule 52(B) (a), supra. The proceedings below constituted "an action tried by the court without a jury" and its order constituted a "judgment on the merits." Thus, the court was required by Rule 52(B) (a), supra, and Rule 41(b), Rules of Civil Procedure (§ 21–1–1(41) (b), N.M.S.A., 1953 Comp. (Repl.Vol. 4, 1970)), to determine and find the facts. In Laumbach v. Laumbach, 58 N.M. 248, 270 P.2d 385 (1954), this court stated:

"We have held in an unbroken line of decisions that it is the duty of the court to make findings of fact. In this case the court was requested by both parties to make a finding of fact on a material issue, and on conflicting testimony, and failure to do so constitutes error."

Intervenor-appellee conceded in her brief, and on oral argument, that findings of fact were required to be made by the trial court and urged that the matter be remanded to the District Court for the purpose of making findings of fact and conclusions of law. The requirements of Rule 52(B) (a), supra, makes the finding of facts in this case mandatory. When requested findings of fact were timely submitted, it then became the duty of the trial court to find all the ultimate facts. See, Laumbach v. Laumbach, supra. Furthermore, it is the duty of this court to apply and enforce rules of practice, as well as appellate rules, to promote the orderly disposition of all cases.

In matters involving child custody, though the trial court is vested with a wide discretion, the paramount consideration is the welfare of the child and it becomes important to clarify the rights and status of all parties involved in such a proceeding.

303

Since the trial judge who entered the order questioned herein is no longer on the Bench, the proper disposition of this appeal is to remand the matter to the District Court with instructions to reopen the case and hear additional evidence as may be submitted to clarify the standing of intervenor, not only as to custody but visitation rights as well. This I deem necessary in view of the trial court's original finding which has not been modified, that the defendant-mother of the child, appellant herein, was a fit and proper person to have custody of said child.

The majority having decided otherwise, I respectfully dissent on the grounds stated.

OMAN, J., concurs.