505 P.2d 443

Mary A. SANCHEZ, Plaintiff-Appellant,
v.
Claude G. SANCHEZ, Defendant-Appellee.
No. 9422.

Supreme Court of New Mexico.
Jan. 12, 1973.

499

McAtee, Marchiondo & Berry, E. Douglas Latimer, Robert L. Thompson, Albuquerque, for appellant.

Samuel A. Francis, Albuquerque, Frederick B. Howden, Los Lunas, for appellee.

## OPINION

OMAN, Justice.

This is a divorce action in which the questions of child support, alimony and the extent and nature of the community estate and community debts were the principal is-_

sues litigated at trial. Plaintiff has appealed from the judgment entered by the trial court. We reverse.

Plaintiff relies upon two points for reversal. We predicate our reversal upon the first point. However, in the hopes of avoiding another appeal, we shall also comment briefly upon the second point.

In her first point, plaintiff claims:

"Prejudicial error was committed by the trial court in calling an expert as the court's own witness and denying the parties the right to cross-examine the witness as to his testimony which was relied upon by the trial court."

In her argument under her first point, plaintiff does not contend the trial court erred in calling the expert as the court's witness, but claims error in being denied the right to cross-examine said expert. A trial court may properly call a witness in a civil proceeding as the court's own witness in order to arrive at the truth. City of Portales v. Bell, 72 N.M. 80, 380 P.2d 826 (1963). See also Annot., 95 A.L.R.2d 390 (1964) as to the trial court's authority to call an expert witness.

The law is equally clear that witnesses called by the court as the court's witnesses are subject to cross-examination by the parties to the suit. 3A Wigmore, Evidence §§ 910, 918 (Chadbourn Rev. 1970); Annot., 67 A.L.R.2d 538 § 4(b) at 551 (1959) and cases therein cited. Plaintiff called the trial court's attention to her right to cross-examine the witness, and requested that a decision be withheld until she was given an opportunity to conduct this cross-examination and present evidence to rebut the report of the witness. Her requests were denied.

It was error to deny plaintiff the right to cross-examine the witness, since the trial court obviously did receive and consider a written report from this witness in deciding the issues of child support and alimony, and this report may possibly have had an effect upon the court's decision on the other principal issues litigated.

■ By her second point, plaintiff contends the trial court committed reversible error in refusing to find one way or the other on a material issue of fact when requested to do so. A trial court, if requested, must find one way or the other on a material issue of fact, and failure to do so constitutes error. Aguayo v. Village of Chama, 79 N.M. 729, 449 P.2d 331 (1969); Curbello v. Vaughn, 78 N.M. 489, 432 P.2d 845 (1967).

■ A trial court is required to make findings of such ultimate facts as are necessary to determine the issues in the case. Rule 52(B)(a)(2), Rules of Civil Procedure [§ 21–1–1(52)(B)(a)(2), N.M.S.A. 1953 (Repl. Vol. 4, 1970)]. In the present case there was a dispute as to what were community debts. Plaintiff requested a finding that certain specified debts totaling $4,863.43 be found to be community debts. Defendant requested a finding that the community debts, excluding three specific ones, totaled $3,335.15. These three specific debts were not included in plaintiff's request. The trial court refused both requests and found:

"That the defendant will pay the community debts of the parties with the exception of those debts which have been set over to the plaintiff as they relate to the real property and the household furnishings."

It does not appear that plaintiff included in her requested finding any "debts which have been set over to the plaintiff as they relate to the real property and the household furnishings." As already stated, defendant's requested finding did not specify the debts he included in the amount of $3,335.15. In any event, there is no way of knowing from the court's finding what the community debts are or what they total. Consequently, a dispute still exists as to the community debts, and apparently the parties are unable to agree as to what debts defendant was ordered to pay.

Since the judgment of the trial court is being reversed and the cause remanded to the district court for such further proceed-

ings as are required to comply with our decision, we anticipate the trial court will make such findings of ultimate facts as are necessary to determine the issues.

■ In her reply brief, plaintiff, for the first time, requests this Court to instruct the trial court to award her attorney's fees and costs on this appeal pursuant to § 22–7–6, N.M.S.A.1953. We decline to grant this request and leave the matter of awarding attorney's fees and assessing costs to the trial court.

The judgment is reversed and the cause remanded to the trial court for further proceedings therein consistent with this decision.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.