**Donald STOREBO, dba Storebo Construction, Plaintiff and Appellant,**

v.

**Gerald F. FOSS and Geraldine D. Foss, Defendants and Appellees.**

**Civ. No. 10186.**

Supreme Court of North Dakota.

Oct. 20, 1982.

Rosenberg & Baird, Bismarck, for plaintiff and appellant; argued by LaRoy Baird, Bismarck.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for defendants and appellees; argued by David L. Peterson, Bismarck.

PAULSON, Justice.

Donald Storebo, d/b/a Storebo Construction [Storebo] brought an action against Gerald F. Foss and Geraldine D. Foss (The Fosses) to enforce a mechanic's lien and collect the unpaid amount due on a building construction contract. The Fosses counterclaimed seeking damages for breach of contract. The District Court of Morton County dismissed Storebo's complaint, vacated the mechanic's lien, and awarded the Fosses $3,560 in damages on their counterclaim. Judgment was entered on January 20, 1982. Storebo appeals from this judgment.[1] We affirm.

The following facts are pertinent to this appeal:

In June 1979 Storebo entered into a contract with the Fosses for certain construction work. The work included construction of a cement foundation and basement for a mobile home, and cement work for a garage and driveway. Total cost of the construction according to the written contract was to be $6,500.

Some time after June 25, 1979, Storebo commenced work on the project. A subcontractor was employed to excavate the basement. Storebo then poured the footings for the basement, completed the basement walls, and poured the floor for the garage. About this time the Fosses made a payment of $3,500 to Storebo.

It was during the process of leveling the cement for the basement floor that problems began to occur. When Storebo finished leveling the floor with a power trowel, the surface was irregular and wavy and cracks began to develop. Although the contract specified that the cement floor was to be four inches in thickness, there were depressions and variations in the thickness of the floor ranging from ⅜ of an inch to 1¼ inches. Mr. Foss wanted the floor torn out and replaced, but Storebo believed the floor could be repaired by pouring a cement cap over it. After some discussion, the parties agreed to attempt to remedy the defective floor by pouring a two-inch cement cap over it. The cap was poured in December 1979.

In January 1980 Storebo sent the Fosses a bill in the amount of $2,531.25 for work done. This figure was determined by deducting $468.75 for the cement driveway which was never constructed from the $3,000 balance due on the original construction contract. Storebo did not bill the Fosses any additional amounts for costs incurred in pouring the cap for the basement floor. Mr. Foss initially refused to pay Storebo because he believed the deduction allowed for the driveway was not sufficient. When numerous large cracks began to develop in the cap of the basement floor, Mr. Foss absolutely refused to pay Storebo any additional amounts for work done.

Storebo proceeded to file a mechanic's lien against the Fosses' property. The Fosses filed a demand for commencement of suit to enforce the mechanic's lien and on October 10, 1980, suit was commenced by Storebo for collection of the unpaid amount of the contract, that is, $2,531.25, plus costs. The Fosses filed an answer and a counterclaim seeking damages in the amount of $5,630 for breach of the construction contract by Storebo.[2]

---

1. Although the notice of appeal states that appeal is "from the *order* of the District Court . . . made and entered in this action on January 20, 1982", we assume that, because the judgment was the only document which was both made and entered in this case on January 20, 1982, a clerical error was made and that Storebo is appealing from the judgment and not from an order for judgment. An order for judgment is not an appealable order. *See* § 28–27–02, N.D. C.C.

2. The amount of damages sought on the counterclaim was increased on amendment at trial to $5,930 in order to reflect an increase in the construction costs necessary to repair the defective basement floor.

On January 7 and 8, 1982, a trial was held in the District Court of Morton County. The trial court found that Storebo had substantially performed the construction contract but had nonetheless breached the contract by failing to comply with specifications that required the floor to be four inches in thickness and that all work be completed in a workmanlike manner according to standard practices. The trial court further found that Storebo's breach could be remedied without taking down or reconstructing a substantial portion of the Fosses' residence and, therefore, the Fosses were granted relief on their counterclaim in the amount of $3,560, which the trial court determined to be the cost of making the work conform to the contract. Storebo's complaint was dismissed and the mechanic's lien was discharged and vacated. Judgment was entered accordingly and from this judgment Storebo appeals.

Storebo raises two contentions on appeal. First, Storebo contends that the district court did not apply the correct measure of damages when it allowed the Fosses to recover the cost to repair the defective basement floor. Second, Storebo contends that the agreement to cap the basement floor was an oral modification of the original construction contract which relieved it from complying with the specifications in the original contract concerning the thickness of the floor and the obligation to complete the construction in a workmanlike manner according to standard practices.

The trial court found that Storebo had substantially performed its contract with the Fosses and neither party contests the finding of substantial performance on this appeal. We have held that when a building contractor has substantially performed, the contractor may recover the contract price, less the expense of repairing the defects or omissions. *Dittmer v. Nokleberg,* 219 N.W.2d 201, 209 (N.D.1974); *Karlinski v. P.R. & H. Lumber & Construction Co.,* 68 N.D. 522, 281 N.W. 898, 901 (1938); *Braseth v. State Bank,* 12 N.D. 486, 98 N.W. 79 (1904); *Anderson v. Todd,* 8 N.D. 158, 77 N.W. 599 (1898). Applying this principle in the instant case we find that Storebo would be entitled to recover the contract price of $3,000 less $5,930 for the expense of repairing the defects in the basement floor, and less a deduction in the amount of $630 for the driveway that was included in the original contract but never completed by Storebo. This formula yields damages in the amount of $3,560 in favor of the Fosses, which is the amount of damages awarded by the trial court.

Storebo, however, contends that the cost of repairing the defective floor should not have been used as the measure of damages in this case. Rather, Storebo argues that the correct measure of damages should be the difference in the value of the residence with the defective basement and the value of the residence if the basement had been properly constructed.

The rule in this State was established in *Karlinski v. P.R. & H. Lumber & Construction Co.,* 68 N.D. 522, 281 N.W. 898 (1938), and restated in *Dittmer v. Nokleberg,* 219 N.W.2d 201, 206 (N.D.1974), as follows:

"Where defects resulting in a breach of a building contract may be remedied without taking down and reconstructing a substantial portion of the building, the amount of damages which the owner may recover is the expense of making the work conform to the contract, but where such defects cannot be so remedied, the measure of damages is the difference between the value of the defective structure and what the value of the structure would have been if properly completed according to the contract."

This is not an appropriate case in which to apply diminution in value as the measure of damages. Diminution in value is the appropriate measure of damages where a contractor's violation of a building contract results in defects which cannot be remedied without reconstruction of, or material injury to, a substantial portion of the building. *Dittmer, supra* 219 N.W.2d at 206; *Karlinski, supra* 281 N.W. at 901.

In this case the district court found that the contract had been substantially performed and that the breach could be reme-

died without taking down and reconstructing a substantial portion of the work. Storebo challenges this finding of fact and argues that repair of the basement floor would involve a substantial taking down and reconstruction.

▪ The scope of our review as to the findings of fact by a trial judge is limited by Rule 52(a), North Dakota Rules of Civil Procedure, the pertinent part of which states that:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

A finding of fact is "clearly erroneous" when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *American Mutual Life Insurance Company v. Jordan,* 315 N.W.2d 290, 295 (N.D.1982); *Erling v. Homera, Inc.,* 298 N.W.2d 478, 481 (N.D.1980). The mere fact that the appellate court might have viewed the facts differently if it had been the initial trier of the case does not entitle it to reverse the lower court. *In re Estate of Elmer,* 210 N.W.2d 815, 820 (N.D.1973).

▪ The record in this case includes expert testimony concerning the costs and procedures necessary for repair of the defective basement floor. Frank J. Roehrich, who testified as an experienced contractor, stated that the basement floor could be repaired by chopping out the defective floor with a jackhammer and carrying out the old cement through two basement windows; and that a new floor could then be poured through the area of the removed windows and the windows could then be replaced. Mr. Roehrich further testified that this entire procedure would cost approximately $5,930 to complete.

Relying upon this testimony, the trial court could properly find that the defects in the basement floor could be remedied without taking down and reconstructing a substantial portion of the building. The find-

ings of the trial court are therefore not clearly erroneous and will not be disturbed on this appeal. Rule 52(a), N.D.R.Civ.P. The trial court made the correct determination of damages based upon the evidence contained in the record.

▪ Storebo's next contention is that the agreement to cap the floor constituted an oral modification of the original written agreement, which modification relieved Storebo from complying with the specifications in the original contract. Section 9–09–06 of the North Dakota Century Code provides:

"*9–09–06. Alteration of written contract.*—A contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise. An oral agreement is executed within the meaning of this section whenever the party performing has incurred a detriment which he was not obligated by the original contract to incur."

The trial court determined as a matter of law that the agreement between Storebo and the Fosses to pour a cement cap over the defective basement floor was not an alteration of a written contract pursuant to § 9–09–06, N.D.C.C. We agree.

Section 9–09–06, N.D.C.C., provides that a contract in writing may be altered only by a contract in writing or by an executed oral agreement. The record indicates that the agreement to pour the cap was oral. However, "the question is not merely whether an oral agreement was made, but also whether or not it was executed" [*Cargill, Inc. v. Kavanaugh,* 228 N.W.2d 133, 138 (N.D.1975)]. An oral agreement is executed within the meaning of § 9–09–06, N.D.C.C., whenever the party performing has incurred a detriment which he was not obligated by the original contract to incur. § 9–09–06, N.D.C.C.

The original construction contract required Storebo to pour a floor four inches in thickness which was to be completed in a workmanlike manner and according to standard practices. The original basement floor did not meet these requirements. Pouring the cement cap was merely an attempt by

Storebo to comply with the specifications of the original contract. Therefore, Storebo incurred no detriment which it was not obligated by the original contract to incur and the agreement to pour the cap was not an executed oral agreement within the meaning of § 9–09–06, N.D.C.C.

Because the decision to pour the cement cap was merely an attempt to bring about compliance with the original written construction contract and not a modification or alteration thereof, Storebo remained obligated to perform according to the terms of the original contract.

The trial court found that Storebo had breached the original agreement by failing to provide a floor that was four inches in thickness and by failing to complete the floor in a workmanlike manner according to standard practices. Because this breach could be remedied without taking down and reconstructing a substantial portion of the residence, the amount of damages to which the Fosses are entitled is the expense of making the work conform to the contract. *Dittmer, supra* 219 N.W.2d at 206.

Therefore, we determine that Storebo, having substantially performed the contract, is entitled to recover the balance due on the agreed contract price in the amount of $3,000, less the expense of $5,930 for repair of the defective basement floor, and less $630 for the cost of the driveway which was contemplated by the original contract but never completed, leaving a balance due the Fosses on their counterclaim for damages in the amount of $3,560.

We find that the trial court did not err in computing damages and that the decision to cap the basement floor was not an alteration of the written construction contract pursuant to § 9–09–06, N.D.C.C. Because there was no modification of the written agreement, Storebo is liable to the Fosses for its breach of the original contract in the amount of $3,560, which is the amount determined by the trial court.

For the reasons stated in this opinion, the judgment of the district court is affirmed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.