672 P.2d 1143

Michael R. and Debra R. NEWCUM,
Plaintiffs-Counter-defendants-Appellees,

v.

L.E. LAWSON and Bernadine Lawson,
Defendants-Counter-claimants-Appel-
lants.

No. 6062.

Court of Appeals of New Mexico.

Nov. 3, 1983.

George F. Stevens, Robinson, Stevens &
Wainright, P.A., Albuquerque, for defend-
ants-counter-claimants-appellants Lawson.

Farrell L. Lines, Lamb, Metzgar & Lines,
P.A., Albuquerque, for plaintiffs-counter-
defendants-appellees Newcum.

## OPINION

WOOD, Judge.

The plaintiffs purchased residential property from the defendants. The plaintiffs sued the defendants for breach of contract and for damages based on the condition of the property which the defendants failed to disclose to the plaintiffs. Judgment was entered in favor of the plaintiffs. This appeal raises no issue as to the defendants' liability; the appellate issues are concerned with the damage awards. Those issues involve compensatory damages, punitive damages and a set-off in favor of the defendants.

*Compensatory Damages*

The compensatory damage award was:

| | | |
|---|---|---|
| 1. | Replace cabinets | $ 1,300.00 |
| 2. | Replace trees | 300.00 |
| 3. | Loss of value of residence | 35,000.00 |
| 4. | Cost to correct duct problem | 5,000.00 |
| 5. | Cost to correct subterranean water problem | 10,000.00 |
| 6. | Cost of space heater | 590.00 |
| | | $52,190.00 |

The defendants do not challenge the propriety of items 1, 2 and 6.

■ The defendants contend that item 5 is not supported by substantial evidence. Dr. Heggen confirmed there was a subterranean water problem: "water is getting in and we don't know from where", that he had "not really tried to analyze the whole problem", and proposed a solution only for water accumulation in connection with the air conditioning-heating unit. The proposed solution was installation of a drain field to divert water away from the air conditioner unit. This proposed solution was a partial solution; it would solve the air conditioning problem. "I hesitate to say that it would totally fix the problem, and I don't think I can say that it would drain other parts of the house or solve the larger problem." Dr. Heggen agreed that to really obtain a solution of the subterranean water problem "someone has to come up with a way to find out where the water is

coming from and dry up the source rather than continue this flowing through." The cost of a solution would be $10,000.00 and involved digging additional holes in the yard and curtailing the plaintiffs' water use for several months. This evidence supports the $10,000.00 amount in item 5.

The defendants contend that the trial court awarded duplicate damages in items 3, 4 and 5. They assert that loss of value in item 3 is a duplication of the damages in items 4 and 5. They point out that the plaintiffs may have been entitled to recover upon two possible theories of damage, however, it was the trial court's duty to compensate the plaintiffs for their loss on the theory that was least burdensome to the defendants. *See Industrial Supply Company v. Goen,* 58 N.M. 738, 276 P.2d 509 (1954). We agree that duplication of damages is improper and that the "least burdensome" approach is proper. However, neither concept applies to this case.

■ The plaintiffs were entitled to recover the difference between the value of the residence and the value represented at the time of the sale. This was the $35,000.00 (item 3). In addition, they were entitled to recover special damages. The $5,000.00 and $10,000.00 items (items 4 and 5) were special damages. *Industrial Supply Company v. Goen; see Goldie v. Yaker,* 78 N.M. 485, 432 P.2d 841 (1967); *compare Robison v. Katz,* 94 N.M. 314, 610 P.2d 201 (Ct.App. 1980). Items 4 and 5, as special damages, were not included in the value of the residence because they involved work needed to prevent additional damage with a resultant additional decrease in value if corrective work was not done.

The compensatory damage award is affirmed.

*Punitive Damages*

The punitive damage award was for $5,000.00. The defendants challenge the propriety of this award, asserting there was no intentional, malicious or grossly negligent misrepresentation and, therefore, the punitive damage award is not supported by substantial evidence.

**514**

■ The trial court found that the defendants knew of the subterranean water problem and intentionally withheld that information from the plaintiffs in total disregard of the lawful and comfortable use of the property by the plaintiffs. Substantial evidence supports this finding. The trial court concluded that the defendants' actions were intentional, willful and wanton. *See Ruiz v. Southern Pacific Transportation Co.,* 97 N.M. 194, 638 P.2d 406 (Ct.App.1981).

The punitive damage award is affirmed.

*Set-off*

As a part of the purchase price, the plaintiffs executed a promissory note in the amount of $44,979.19 bearing interest on the unpaid principal balance at the rate of 10% per annum. The plaintiffs paid the $15,000.00 payment on or before October 1, 1980 as provided, but have made no other payments.

The trial court awarded a set-off against the plaintiffs' judgment "in the amount of $30,000 that remains owing on the promissory note."

■ The defendants state there is no evidence to support the finding that the amount owing on the note is $30,000.00. We agree; the testimony as to the amount owing was $29,979.19, plus unpaid interest. What the trial court did was disallow interest; the discrepancy in the principal amount favors the defendants, thus they may not complain of the discrepancy.

The defendants claim the trial court should have allowed interest in accordance with the terms of the note. The trial court's decision reflects the basis for disallowing the interest. The defendants requested a finding that the amount owing, including accrued interest through July 1, 1982 was $36,549.01. This requested finding was refused. The plaintiffs requested a finding that the parties agreed that there would be no interest charged during the pendency of the action. This requested finding was also refused. The trial court found that the defendants did not take the promissory note in good faith. The defendants had counterclaimed for the amount allegedly owed on the note and for sale of the real property securing payment of the note. The trial court refused all relief on the counterclaim, concluding that it should be dismissed with prejudice. Thus the effect given to the promissory note by the trial court was that the note evidenced the plaintiffs' indebtedness for $30,000.00 of the purchase price.

■ In disallowing interest on the note, the trial court applied equitable considerations. The defendants should not receive interest on a note that they did not take in good faith. The defendants should not receive interest on the unpaid portion of a purchase price agreed to by the plaintiffs who had been intentionally deceived by the defendants. The trial court could properly disallow interest on this basis. *See O'Meara v. Commercial Insurance Company,* 71 N.M. 145, 376 P.2d 486 (1962); *State Trust and Savings Bank v. Hermosa Land and Cattle Co.,* 30 N.M. 566, 240 P. 469 (1925). *Compare Shaeffer v. Kelton,* 95 N.M. 182, 619 P.2d 1226 (1980); *State ex rel. Conley Lott Nichols Machinery Company v. Safeco Insurance Company of America,* 100 N.M. 440, 671 P.2d 1151, 22 SBB 1130 (Ct.App.1983).

The amount of the set-off was not error.

The judgment is affirmed. The defendants shall bear their appellate costs.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.