699 P.2d 608

Hugh **HOOD**, Plaintiff-Appellant,

v.

Rayford **FULKERSON**, d/b/a Fulkerson Plumbing and Fulkerson Plumbing and Heating Co., a New Mexico corporation, Defendant-Appellee.

No. 15517.

Supreme Court of New Mexico.

May 10, 1985.

Johnson & Lanphere, Floyd Wilson, Albuquerque, for plaintiff-appellant.

Cusack & Associates, Timothy J. Cusack, Roswell, for defendant-appellee.

## OPINION

SOSA, Senior Justice.

Plaintiff Hugh Hood (Hood) brought an action in Chaves County for breach of warranty and negligence against defendant Rayford Fulkerson (Fulkerson), a plumbing subcontractor. Hood requested compensatory and punitive damages under the breach of contract action. Hood alleged improper and negligent installation of water lines by Fulkerson in twenty-three townhouses he purchased in Roswell. The water lines were installed in the attics of the townhouses and after freezing, certain of the lines burst causing water damage.

The jury returned a verdict in favor of Hood for $13,500.00 on the breach of war-

ranty action. The jury also found Hood had suffered $50,000.00 in damages under the negligence claim, with forty percent attributable to the negligence of Fulkerson. A directed verdict was granted in favor of Fulkerson on Hood's claim for punitive damages.

After the jury returned the verdict, the court questioned the jury concerning its understanding of the damages instructions. The foreman responded that the jury understood and followed the court's instructions. The foreman then stated: "We added the warranty to the other. We added $13,500.00 to the figure to make it $50,-000.00." The court then released the jury without further instructions or deliberation as to the damages regarding breach of warranty or negligence.

In converting the jury verdict into a judgment, the trial court deducted the $13,-500.00 award for breach of warranty from the $50,000.00 the jury had awarded for the negligence claim. The trial court arrived at a damage award for negligence of $36,-500.00. The court then took forty percent (40%) of $36,500.00, arriving at $14,600.00 as the amount attributable to the negligence of Fulkerson. This was based on the jury's finding that Fulkerson was forty percent (40%) at fault. Hood was instructed by the trial court to make an election between the $14,600.00 negligence award and the $13,500.00 breach of warranty award.

Hood is not challenging the jury findings as set forth in the verdict, but he challenges the manner in which the trial court converted the jury verdict into a judgment.

The issues on appeal are: (1) whether the trial court invaded the province of the jury by changing the negligence amount originally awarded by the jury from $50,000.00 to $36,500.00; (2) whether Hood is entitled to recover under both the breach of warranty theory and the negligence theory; and (3) whether the trial court erred in granting a directed verdict on the issue of punitive damages.

**Jury Verdict**

A similar issue was settled by this court in *McKinney v. Smith*, 63 N.M. 477, 322 P.2d 110 (1958). In *McKinney* there was confusion as to whether the jury had deducted a payment of $985.00 the defendant had already discharged to the plaintiff from the damages finding of $1500.00 the jury returned in its verdict. Prior to the verdict the trial court was questioned by the jury as to whether it should deduct the $985.00 from the damage award. After returning a verdict of $1500.00 damages award, the jury was released by the court.

An affidavit signed by all the jurors in *McKinney* was submitted to the court by the defendant. The affidavit maintained that the jury had intended for the court to subtract the $985.00 from the $1500.00 jury verdict. The trial court subsequently subtracted the $985.00 and entered a judgment for $515.00 instead of the $1500.00 award in the verdict.

On appeal, this Court noted the established rule that a mistake in a jury verdict cannot be impeached by affidavits of the jurors. *See Biebelle v. Norero*, 85 N.M. 182, 510 P.2d 506 (1973) (accuracy of a jury verdict cannot be impugned by affidavit). The *McKinney* opinion concluded that the proper time and manner to correct a jury verdict is (1) prior to the jury being discharged, and (2) by the jury themselves amending the verdict, not the court.

It is also within the exclusive province of the jury to determine the proper amount for damages. *Sanchez v. Martinez*, 99 N.M. 66, 653 P.2d 897 (Ct.App. 1982). The *Sanchez* opinion states that on "return of a mistaken or ambiguous verdict by the jury the trial court should direct the jury to return to the jury room to agree upon a corrected form of verdict upon further deliberation." 99 N.M. at 72, 653 P.2d 903.

In the instant case, if the court felt the jury verdict was not clear or correct, it should have instructed the jury to amend the verdict to clearly state the wishes of the jury. It was an invasion of the prov-

ince of the jury for the court to amend the jury verdict as it did here. *See McKinney.* The $50,000.00 damage award for negligence in the jury verdict must stand. Hood is entitled to forty percent (40%) of the $50,000.00 as his award. This would bring his award for damages on the negligence claim to $20,000.00.

**Election of Remedies**

■ The general theory of damages is to make the injured party whole. *Topmiller v. Cain,* 99 N.M. 311, 657 P.2d 638 (Ct.App.1983). Duplication of damages or double recovery for injuries received is not permissible. *Industrial Supply Co. v. Goen,* 58 N.M. 738, 276 P.2d 509 (1954); *Newcum v. Lawson,* 100 N.M. 512, 672 P.2d 1143 (Ct.App.1983) (Newcum I). Where there are different theories of recovery and liability is found on each, but the relief requested was the same, namely compensatory damages, the injured party is entitled to only one compensatory damage award. *See Clappier v. Flynn,* 605 F.2d 519 (10th Cir.1979).

In a similar action involving damages surrounding the faulty installation of a water system, the case was submitted under two theories of liability, breach of contract and negligence. *Greenwood Ranches, Inc. v. Skie Construction Co.,* 629 F.2d 518 (8th Cir.1980). The trial court granted the damages awarded for each theory. Citing *Clappier,* the United States Court of Appeals reversed, stating the "claim for damages cannot be multiplied by the number of theories under which the claim is asserted." *Id.* at 521–522.

■ In the instant case the jury was given a general instruction on damages. Instructions were not submitted on the different elements of damages under each theory. Therefore, the trial court, having no basis to attribute particular kinds or amounts of damages, was correct in having Hood make an election as to damages.

**Punitive Damages for Breach of Contract**

■ The courts of New Mexico do not distinguish between tort and contract in the application of punitive damages. *State Farm General Insurance Co. v. Clifton,* 86 N.M. 757, 527 P.2d 798 (1974); *Robison v. Katz,* 94 N.M. 314, 610 P.2d 201 (Ct. App.), *cert. denied,* 94 N.M. 675, 615 P.2d 992 (1980); *Curtiss v. Aetna Life Insurance,* 90 N.M. 105, 560 P.2d 169 (Ct.App.), *cert. denied,* 90 N.M. 7, 588 P.2d 619 (1976). *See* NMSA 1978, UJI Civ. 18.27 (Repl.Pamp.1980) (committee comment on tort and contract punitive damages).

■ Punitive damages cannot be established by mere negligence. *Ramsey v. Culpepper,* 738 F.2d 1092 (10th Cir.1984). Moreover, as this Court has previously stated,

> Punitive or exemplary damages may be awarded only when the conduct of the wrongdoer may be said to be maliciously intentional, fraudulent, oppressive, or committed recklessly or with a wanton disregard to the plaintiffs' rights.

*Loucks v. Albuquerque National Bank,* 76 N.M. 735, 747, 418 P.2d 191, 199 (1966).

Failure to disclose important information in a real estate transaction, if intentional, willful or wanton, can be the basis for a punitive damages award. *See Newcum I.* However, in an appeal from the second trial court proceeding following Newcum I, *Newcum v. Lawson,* 101 N.M. 448, 684 P.2d 534 (1984) (*Newcum II*), the court of appeals concluded that a third party contractor could not be held responsible for punitive damages, even if he was responsible for the breach of warranty on a contract, if he did not make the material misrepresentations to the injured party.

■ In *Newcum II,* the court refused to assess punitive damages against the contractor, even though the contractor breached his warranty. There, the misrepresentation was made by the owner, who sold the home. The contractor had not dealt with the buyer. In the instant case, Fulkerson, a plumbing contractor, did not deal with Hood. Only Freeman, the general contractor and seller, dealt with Hood during the real estate transaction. Although Fulkerson was found to have breached the plumb-

ing installation warranty, the trial court found no evidence of misrepresentation or misconduct by Fulkerson that rose to the level of malicious, fraudulent, intentional, reckless or wanton conduct.

**Directed Verdict**

In a directed verdict the trial court determines the legal sufficiency of any asserted claim or defense. *American Employer Insurance v. Crawford*, 87 N.M. 375, 533 P.2d 1203 (1975). A claim must be dismissed as a matter of law if there is no basis in fact for the claim. *Id.* A directed verdict is not discretionary with the court. *Archuleta v. Pina*, 86 N.M. 94, 519 P.2d 1175 (1974).

For a claim to be legally recognized and enforceable, the evidence must support all issues of fact essential to maintain the claim. *Crawford.* A reviewing court and the trial court use the same standard of review for a motion for directed verdict, that of viewing all evidence, and reasonable inferences deducible therefrom, in favor of the party resisting the motion. *Archuleta.* See *Skyhook Corp. v. Jasper*, 90 N.M. 143, 560 P.2d 934 (1977).

After reviewing the evidence in light of the standard set out in *Archuleta*, we agree with the trial court that Fulkerson did not act in a manner to warrant an award of punitive damages against him. *See Loucks v. Albuquerque National Bank.* It was proper for the trial court to grant a directed verdict on the punitive damages issue.

For the reasons given above we reverse as to the amount of negligence damages awarded in the judgment, and affirm as to the issues of election of remedies and the granting of the motion for a directed verdict on punitive damages.

IT IS SO ORDERED.

FEDERICI, C.J., and STOWERS and WALTERS, JJ., concur.

RIORDAN, J., dissenting.

RIORDAN, Justice (dissenting).

In contrast to what our opinion says about the issues, the appellant does not allege that the trial court invaded the province of the jury by changing the negligence amount of the verdict by reduction in the amount of $13,500.

This issue is raised by the author because of his dissatisfaction with *McKinney v. Smith*, 63 N.M. 477, 322 P.2d 110 (1958). In *McKinney*, after the jury was discharged, the unsuccessful party obtained an affidavit from the jury that impeached their verdict. The court then entered a judgment contrary to the verdict and in conformance with the affidavit. The Supreme Court reversed.

In this case, appellant concedes that the trial court properly subtracted the amount of damages awarded for breach of warranty ($13,500) from the $50,000 verdict awarded by the jury for negligence based upon the statement by the foreman of the jury that the $13,500 breach of warranty award was included in the $50,000 verdict. Appellant admits that he could not recover twice for the same amount but, rather, that he is entitled to recover under both breach of warranty and negligence.

I agree with the majority that he is required to elect in this case because of the nature of the general instructions submitted to the court by counsel. But, if properly instructed, I believe that recovery on both theories would be allowed. *See Merrill Iron and Steel, Inc. v. Minn-Dak Seeds, Ltd.*, 334 N.W.2d 652 (N.D.1983).

Finally, I believe there were sufficient facts in this case to require submission of the punitive damages issue to the jury, and the court erred in granting a directed verdict on that issue.