# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2021-NMCA-056**

**Filing Date: May 12, 2021**

**No. A-1-CA-37321**

**RICHARD JAMES GONZAGOWSKI,**

       Plaintiff-Appellee,

v.

**STEAMATIC OF ALBUQUERQUE, INC.**
**d/b/a STEAMATIC OF ALBUQUERQUE**
**& SANTA FE, INC., and GEB, INC.,**

       Defendants-Appellants,

and

**ALLSTATE INDEMNITY COMPANY**
**and GERARD BECKER,**

       Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Certiorari Denied, October 20, 2021, No. S-1-SC-38872. Released for Publication November 9, 2021.

Santillanes & Neidhardt, P.C.
Janet Santillanes
Olivia Neidhardt
James T. Roach
Albuquerque, NM

The Roehl Law Firm PC
Jerrald J. Roehl
Katherine C. Roehl
Albuquerque, NM

for Appellee

Utton & Kery, P.A.
Craig T. Erickson

Albuquerque, NM

Sutin, Thayer & Browne
Mariposa Padilla Sivage
Jacqueline K. Kafka
Albuquerque, NM

BatesCarey LLP
Agelo L. Reppas
Chicago, IL

for Appellants

**OPINION**

**DUFFY, Judge.**

{1}    In this appeal, Defendants Steamatic of Albuquerque & Santa Fe, Inc. and GEB, Inc. (collectively, Steamatic) argue that the district court erred in declining to reduce the amended final judgment against Steamatic based on another defendant's partial satisfaction of the compensatory damages award. We agree and reverse.

**BACKGROUND**

{2}    After a hailstorm caused interior water damage to Plaintiff Richard Gonzagowski's home, he filed a claim with his homeowner's insurance carrier, Allstate Indemnity Company, which then contracted with Steamatic to perform water mitigation work. During the dry-out process, Steamatic discovered mold inside the home. Plaintiff claimed that Steamatic performed the water mitigation and mold remediation work improperly and, as a result, he developed a severe and permanent lung condition from inhaling mold and mold spores.

{3}    Plaintiff filed a complaint that included a breach of contract claim against Allstate for failing to adequately remediate Plaintiff's home and a negligence claim against Steamatic for negligently repairing and remediating Plaintiff's home.[1] When the parties were settling jury instructions during trial, Plaintiff made clear that he was seeking the same compensatory damages under both theories of liability. Given this, the district court and the parties grappled with how to instruct the jury to determine each defendant's respective liability and avoid double recovery. Plaintiff's proposed special verdict form included a question asking the jury to state the total amount of Plaintiff's compensatory damages. The district court noted,

> [W]hat I like about [] Plaintiff's version is there's no possibility of double recovery. There's no possibility of double recovery. The damages that they are seeking from Steamatic are exactly the same as they are seeking

---

1Plaintiff also sued Steamatic for breach of contract but abandoned that claim before trial.

from Allstate. So they're just going[ to] stick in, in the answer to that question, what the total amount of compensatory damages are.

**{4}** The parties disagreed about how to allocate a single compensatory damages figure between the two causes of action. Steamatic and Plaintiff took the position that the total compensatory award could not be divided between the contract and negligence claims without improperly comparing contract liability to tort liability. In their view, if Plaintiff prevailed under both theories, he would have to elect his remedy in contract or in tort. Allstate, on the other hand, advocated for what would eventually become Question No. 12 on the special verdict form, which asked the jury to allocate, by percentage, the compensatory damages caused by each party.

**{5}** The special verdict form given to the jury included the following questions:

<u>Question No. 3</u>: Did Allstate breach its insurance contract with Richard Gonzagowski?

        YES        NO

<u>Question No. 4</u>: Was Allstate's breach of contract a cause of Richard Gonzagowski's injury?

        YES        NO

. . . .

<u>Question No. 5</u>. Did Richard Gonzagowski fail to exercise ordinary care to minimize, or lessen, his damages?

        YES        NO

. . . .

<u>Question No. 6</u>: Was Steamatic negligent in the water damage mitigation and/or mold remediation work it did in Richard Gonzagowski's home . . . ?

        YES        NO

<u>Question No. 7</u>: Was Steamatic's negligence a cause of Richard Gonzagowski's injury?

        YES        NO

. . . .

Question No. 9: Did Richard Gonzagowski fail to exercise ordinary care to minimize, or lessen, his damages?

YES            NO

If your answer to Question No. 9 is "YES", compare the negligence of Steamatic with the negligence of Richard Gonzagowski in failing to mitigate his damages . . . .

| | |
|---|---|
| Steamatic | _____% |
| Richard Gonzagowski | _____% |
| Total | 100% |

The jury answered "yes" to these questions and in response to Question 9, found Steamatic eighty percent at fault and Plaintiff twenty percent at fault. The jury was also asked the following two questions:

Question No. 11: In accordance with the damage instructions given by the Court, what are Richard Gonzagowski's total compensatory damages?

$_____

Question No. 12: Identify the total percentage of compensatory damages caused by each of the following parties. . . .

| | |
|---|---|
| Allstate | _____% |
| Steamatic | _____% |
| Richard Gonzagowski | _____% |
| Total | 100% |

{6}     The jury awarded a total of $2.5 million in compensatory damages under Question 11. For Question 12, the jury found that Allstate caused thirty percent of the compensatory damages, Steamatic fifty-five percent, and Plaintiff fifteen percent. Pursuant to these findings, the district court entered judgment against Allstate for $750,000 and against Steamatic for $1.375 million. Later that month, Plaintiff and Allstate notified the district court that they had settled for an undisclosed amount. Plaintiff subsequently filed a satisfaction and release of the judgment against Allstate.

{7}     Days after announcing his settlement with Allstate, Plaintiff filed a motion to amend the judgment against Steamatic from $1.375 million to $2 million. Plaintiff argued

that it was an error to compare Allstate's breach of contract to Steamatic's negligence for purposes of apportioning liability for damages in Question 12. Based on that premise, Plaintiff argued that the allocation under Question 12 must be disregarded and judgment entered against Steamatic for the full compensatory damage award on the negligence claim. Plaintiff calculated Steamatic's liability at $2 million, or total damages less twenty percent, based on the jury's findings in Question 9. And while Plaintiff acknowledged his settlement with Allstate, he argued that the collateral source rule precluded an offset in favor of Steamatic and negated consideration of double recovery. The district court agreed with Plaintiff's reasoning and granted the motion.

**{8}** After the district court entered an amended final judgment against Steamatic in the amount of $2 million, Steamatic filed a motion asking the court to reduce the amended judgment by the amount of the judgment against Allstate, i.e., $750,000. The district court denied the motion and this appeal followed.

## DISCUSSION

**{9}** Steamatic argues that the district court improperly awarded a partial double recovery to Plaintiff and the remedy is to reduce the amended final judgment by $750,000.[2] We agree that a reduction is warranted based on the settled principle that a plaintiff is entitled to but one satisfaction for his injuries. The amount of the reduction, however, ultimately depends upon the amount or proportion of compensatory damages Plaintiff actually received from Allstate.

**{10}** New Mexico generally adheres to the policy that "[d]uplication of damages or double recovery for injuries received is not permissible." *Hood v. Fulkerson*, 1985-NMSC-048, ¶ 12, 102 N.M. 677, 699 P.2d 608. This means that "plaintiffs may not collect more than the damages awarded to them, or, put another way, they may not receive compensation twice for the same injury." *Sunnyland Farms, Inc. v. Cent. N.M. Elec. Coop., Inc.*, 2013-NMSC-017, ¶ 47, 301 P.3d 387; *see also Hood*, 1985-NMSC-048, ¶ 12 ("Where there are different theories of recovery and liability is found on each, but the relief requested was the same, namely compensatory damages, the injured party is entitled to only one compensatory damage award."). In line with this principle, our Supreme Court has said that "[t]o the extent a judgment for damages is paid by one or more of the judgment debtors, . . . a claim for the *same damages* against any other person is extinguished regardless of the theories upon which the respective claims for relief are based." *Sanchez v. Clayton*, 1994-NMSC-064, ¶ 6, 117 N.M. 761, 877 P.2d 567. This is essentially an expression of the rule stated in Restatement (Second) of Judgments § 50 (1982), regarding the effect of a satisfaction of judgment:

---

[2]Steamatic has not argued that the district court otherwise erred in its decision to amend the final judgment to impose full liability on Steamatic, saying in its briefing that "[a]ll concerned agree that the trial court erred by allowing the jury to allocate common damages between negligence and breach of contract theories of liability[.]" *But see, e.g.*, *Medina v. Dist. of Columbia*, 643 F.3d 323, 326 (D.C. Cir. 2011) (stating that "a jury is not prohibited from allocating a single damages award between two distinct theories of liability"); *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1995) (upholding a jury award that apportioned damages between two causes of action, one for breach of contract and one for tort).

When a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based . . . [a]ny consideration received by the judgment creditor in payment of the judgement debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss.

**{11}**    New Mexico courts first applied this principle in circumstances where the plaintiffs had received full satisfaction of an earlier judgment before pursuing a second lawsuit against a different defendant for the same injuries. *Vaca v. Whitaker*, 1974-NMCA-011, ¶ 22, 86 N.M. 79, 519 P.2d 315. This Court held that the full satisfaction of the earlier judgment barred the plaintiffs from recovering additional damages. *Id.*; *see also Fortuna Corp. v. Sierra Blanca Sales Co.*, 1976-NMSC-014, ¶ 12, 89 N.M. 187, 548 P.2d 865 (holding that the plaintiff was not entitled to further recovery on a breach of contract claim because the plaintiff had acknowledged the full satisfaction of the judgment).

**{12}**    The New Mexico Supreme Court later applied the same principle in the context of a *partial* satisfaction of judgment in *Sanchez* and concluded that the plaintiffs may pursue the remaining unpaid portion of the compensatory damages award from other liable defendants. 1994-NMSC-064, ¶ 20. In *Sanchez*, the plaintiffs first filed suit in federal court against three defendants for violation of their civil rights, and subsequently brought a separate suit in state court against two additional defendants for civil conspiracy, tortious interference with an employment contract, and breach of contract after the plaintiffs were unsuccessful in joining these defendants in the federal action. *Id.* ¶ 3. The plaintiffs acknowledged that although the theories of recovery were different, they were seeking the same compensatory damages in both cases. *Id.* ¶ 5.

**{13}**    In the federal action, the plaintiffs obtained a judgment for $180,000 in compensatory damages, $400,000 in punitive damages, and $170,000 in attorney fees for a total of $750,000. *Id.* ¶ 4. The parties thereafter settled for $700,000, and the plaintiffs executed a release of judgment, although it was unclear how the settlement was allocated between the different damage categories and thus, whether the entire $180,000 compensatory damages award was fully satisfied. *Id.* ¶¶ 4, 19. Following the settlement in the federal case, the state district court granted summary judgment in favor of the remaining defendants based on the principle against double recovery set forth in *Vaca*, reasoning that "[a] plaintiff is entitled to but one compensation for his loss and satisfaction of his claim prevents its further enforcement. In effect, where payment of the judgment in full is made by the judgment debtor, the plaintiff is barred from further action against another who is liable for the same damages." *Sanchez*, 1994-NMSC-064, ¶ 5 (internal quotation marks and citation omitted); *see id.* ¶ 11 (noting that this principle "applies only to an award of *compensatory* damages ('the measure of a loss'), and then only to the extent that a judgment is paid"). Although our Supreme Court agreed with these principles, *see id.* ¶¶ 6, 11, the Court reversed, reasoning that the plaintiffs had not yet received full satisfaction of the compensatory damages award. *Id.* ¶ 19 (concluding that a portion of the compensatory damages judgment remained

unpaid and prorating the shortfall between the judgment and settlement). The Court thus held that the portion of compensatory damages not paid in the settlement may be recovered. *Id.*

**{14}** The case before us is remarkably similar to *Sanchez*, with the exception that Plaintiff pursued both Defendants in a single action rather than in consecutive lawsuits. That procedural distinction makes no difference in the application of the one satisfaction rule, however, and the substantive considerations that guide our analysis are nearly identical in both cases. *See* 47 Am. Jur. 2d *Judgments* § 769 (2021) ("A person can sue any number of parties, and obtain a judgment against any one, or several of them, but can gain but one satisfaction, even though that person may pursue numerous possible avenues of relief simultaneously and may obtain several judgments against different persons for the same obligation or liability." (footnote omitted)). Plaintiff acknowledged that he was seeking the same compensatory damages from both Steamatic and Allstate even though the theories of recovery were different. The jury determined the measure of Plaintiff's compensatory damages and thus established the limit of what Plaintiff can collect. *See Sanchez*, 1994-NMSC-064, ¶ 18; *see also* Restatement (Second) of Judgments § 50 cmt. d ("The adjudication of the amount of the loss . . . has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be."). After the initial judgment had been entered, Plaintiff and Allstate settled and filed a satisfaction and release of the judgment against Allstate. Consequently, as in *Sanchez*, to the extent Allstate satisfied a portion of the compensatory damages judgment, that satisfaction has the effect of a discharge and reduces the amount Plaintiff is entitled to collect from Steamatic. 1994-NMSC-064, ¶¶ 6, 19; Restatement (Second) of Judgments § 50 cmt. c ("A payment by one person liable for a loss reduces pro tanto the amount that the injured person is entitled to receive from other persons liable for the loss."); 47 Am. Jur. 2d *Judgments* § 787 (2021) ("[P]artial satisfaction has the effect of a discharge pro tanto.").

**{15}** Because the terms of the settlement are not in the record before us, the amount of Steamatic's remaining liability must be determined on remand. It is Plaintiff's obligation to establish the amount or proportion of consideration he has already received. *See Sanchez*, 1994-NMSC-064, ¶ 19 (providing that "[t]he plaintiff settling the judgment . . . has an obligation to establish what compensatory damages he is foregoing in the settlement if he later wishes to show a right to recover compensatory damages" from another defendant).

**{16}** Finally, as our Supreme Court did in *Sanchez*, we likewise reject Plaintiff's argument that the collateral source rule operates in this case as an exception to the rule against double recovery. *See id.* ¶¶ 6-10. Under the collateral source rule, "compensation received from a collateral source does not operate to reduce damages recoverable from a wrongdoer. In other words, if a plaintiff is compensated for his or her injuries by any source unaffiliated with the defendant, the defendant must *still* pay damages, even if this means that the plaintiff recovers twice." *Sunnyland Farms*, 2013-NMSC-017, ¶ 48 (alteration, internal quotation marks, and citation omitted).

**{17}** In *Sanchez*, the Court examined its prior holding in *McConal Aviation, Inc. v. Commercial Aviation Insurance Co.*, 1990-NMSC-093, 110 N.M. 697, 799 P.2d 133, where the Court had applied the collateral source rule and declined to credit the plaintiff's pretrial settlement with one defendant toward the final judgment against another. *Sanchez*, 1994-NMSC-064, ¶ 9. The *Sanchez* Court concluded that *McConal* was inapplicable to resolve the issue presented—the effect of a post-judgment settlement with one defendant on another defendant's liability for the same damages— because the three-member panel in *McConal* had not reached a consensus on whether the plaintiff's claims against the defendants involved the same damages, and had not ruled on the applicability or effect of the one satisfaction doctrine. *Sanchez*, 1994-NMSC-064, ¶¶ 7, 10. *Sanchez* clarified that the collateral source rule set out in *McConal* was limited "to the prejudgment settlement of a claim involving neither a joint tortfeasor nor a joint obligor under a contract." *Sanchez*, 1994-NMSC-064, ¶ 10; *Summit Props., Inc. v. Pub. Serv. Co. of N.M.*, 2005-NMCA-090, ¶ 46, 138 N.M. 208, 118 P.3d 716 (recognizing that *McConal* was limited by *Sanchez* "to situations where there are no facts showing that the parties were jointly liable for the damages caused to the plaintiff"); *see also Sunnyland Farms*, 2013-NMSC-017, ¶ 48 (recognizing the limitation on *McConal* as expressed in *Summit*). Under this standard, the post-judgment settlement of Plaintiff's breach of contract claim against Allstate, for a portion of the same compensatory damages awarded against Steamatic, does not qualify as a collateral source.

**{18}** In the twenty-seven years since *Sanchez* was decided, New Mexico courts have not departed from that standard. The parties have not cited, nor have we found, any authority demonstrating that the collateral source rule has been applied to a post-judgment settlement with one of several parties found liable for the same damages. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). We accordingly conclude the collateral source rule has no application in this case.

**CONCLUSION**

**{19}** For the foregoing reasons, we reverse the amended final judgment of the district court and remand for further proceedings consistent with this opinion.

**{20} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**