Claude CUNNINGHAM, Appellee,

v.

M–G TRANSPORT SERVICES, INC., Appellant.

No. 74–1757.

United States Court of Appeals, Fourth Circuit.

Argued August 19, 1975.

Decided Nov. 4, 1975.

---

George S. Sharp, Charleston, W. Va., for appellant.

Thomas P. Maroney, Charleston, W. Va., for appellee.

Before HAYNSWORTH, Chief Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

■ In this suit for injury to a seaman, the district court quite correctly submitted special interrogatories to the jury to facilitate separate determination of two theories of liability, negligence and unseaworthiness. They were put in the form of affirmative statements, and read as follows:

> We, the Jury, find for the plaintiff, Claude Cunningham, on the basis of negligence [unseaworthiness] as stated in Count I of the complaint and assess damages at $_____ to be recovered by the plaintiff from the defendant, M–G Transport Services, Inc.

■ It is the better practice to frame such issues in question form, but the statement form is not plain error where the judge plainly instructs the jury that they will not return the statement as a verdict unless they find the defendant guilty of the charged misconduct.

■ The jury filled in the blank in the negligence statement in the amount of $10,000 and then proceeded to fill in the blank in the unseaworthiness statement in the amount of $6,700. It is impossible to determine what is meant by the verdicts as to damages. Plaintiff is entitled to recover on either theory, but he is not entitled to recover on both theories. The district court should have submitted spe-

cial interrogatories substantially as follows:

1. Was the plaintiff, Claude Cunningham, injured by the negligence of the defendant, M–G Transport Services, Inc., as alleged in the complaint?

Answer Yes or No: ———.

2. Was the plaintiff, Claude Cunningham, injured by the unseaworthiness of defendant's vessel as alleged in the complaint?

Answer Yes or No: ———

3. What amount, if any, is the plaintiff, Claude Cunningham, entitled to recover of the defendant, M–G Transport Services, Inc.?

$————.

■ We strongly recommend to the district judges within the circuit that when special interrogatories are utilized they be put in the form of questions, and that always the questions of damages be separated from the questions of liability.[1]

We affirm the judgment below with respect to the liability of M–G Transport Services, Inc. to the plaintiff, and reverse and remand for a new trial restricted to the question of damage.

*Affirmed in part; reversed in part; remanded.*

---

[1]. The drafting of special interrogatories is largely a matter of common sense and local practice, for example, proximate causation might be submitted as a separate issue if thought appropriate. They may be as detailed as counsel and the district court wish to make them, and the particular verbiage used is of no great consequence so long as the questions are framed so that the jury knows what it is deciding.