UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ANITA RENEE WILLIAMS,
                    *Plaintiff-Appellant,*

v.

CLOVERLEAF ENTERPRISES,
INCORPORATED,
                    *Defendant-Appellee,*

and

UNITED STATES OF AMERICA; DAWN
GIBBS,
                    *Defendants.*

No. 01-2013

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Jillyn K. Schulz, Magistrate Judge.
(CA-97-2476-PJM)

Submitted: May 31, 2002

Decided: June 17, 2002

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Mark D. Meyer, Robert Joel Zakroff, ZAKROFF & ASSOCIATES,
P.C., Bethesda, Maryland, for Appellant. Gerald W. Ueckermann, Jr.,

O'MALLEY, MILES, NYLEN & GILMORE, P.A., Calverton, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Anita Renee Williams appeals the magistrate judge's order entering judgment against her in this diversity state law tort action.[1] A violent confrontation between Williams and Dawn Gibbs in one of the parking lots of Rosecroft Raceway in Fort Washington, Maryland resulted in this civil suit which ultimately proceeded to trial against the owner of the Raceway. In her primary allegation of negligence, Williams alleged that employees of Cloverleaf Enterprises, Inc. stood idly by while Gibbs attacked her in three separate assaults. At trial, the evidence suggested that over a span of ten to twenty minutes, Gibbs assaulted Williams first with a small dumbbell, then with her fists and feet, and finally with a steak knife. The final attack resulted in a deep cut along Williams' right upper arm.

After remand from this court on the issue of summary judgment, the district court referred the action to a magistrate judge for all purposes. At trial, the evidence essentially followed the information adduced through discovery. Ultimately, Williams presented evidence that she observed Cloverleaf employees near her location prior to the beginning of the altercation. Another witness for Williams testified that two track employees watched the altercation.

Despite the fact that the altercation lasted between ten and twenty minutes, no Cloverleaf employees aided Williams or attempted to

---

[1]The parties tried this case before a magistrate judge exercising jurisdiction with their consent. 28 U.S.C. § 636(c) (1994).

intervene. Furthermore, there was no evidence that any of the Cloverleaf employees contacted the off-duty police officers working at the racetrack despite the presence of telephones within the tellers' booths near the site of the incident for that purpose. The off-duty police officer who eventually responded after the end of the altercation could not recall how he was alerted to the situation, but testified that a patron might have informed him of the situation.

After the conclusion of the evidence, the magistrate judge allowed an instruction on the Maryland doctrine of "last clear chance" over Cloverleaf's objection. The instruction read that "A plaintiff who is contributorily negligent may nevertheless recover if the plaintiff is in a situation of helpless peril and thereafter the defendant had a fresh opportunity of which the defendant was aware to avoid injury to the plaintiff and failed to do so." Notwithstanding the inclusion of the instruction, the magistrate judge declined to amend the verdict form at Williams' request to include a special interrogatory to the jury on the "last clear chance." After deliberation, the jury indicated on the verdict form that Cloverleaf was negligent with respect to the altercation between Williams and Gibbs. The jury also found that Williams was contributorily negligent in her conduct. After that finding, the verdict form instructed the jury to stop without awarding damages. Consequently, no damages were awarded.

In her appeal, Williams suggests that the magistrate judge erred in declining to amend the verdict form to include a "last clear chance" question with respect to Cloverleaf's negligence.[2] The question of whether to send a special interrogatory to the jury on this issue is within the discretion of the trial judge. *Klien v. Sears Roebuck & Co.*, 773 F.2d 1421, 1426-27 (4th Cir. 1985); *Tights, Inc. v. Acme-McCrary Corp.*, 541 F.2d 1047, 1060 (4th Cir. 1976). In considering

---

[2]As we noted in the prior appeal in this case, *Williams v. Cloverleaf Enterprises, Inc.*, No. 99-1106 (4th Cir. Feb. 7, 2000), because the source of the federal court's jurisdiction over the state law tort action was the parties' diversity of citizenship, 28 U.S.C. § 1332 (1994), the rule of *Erie R.R. v. Thompkins*, 304 U.S. 64, 78 (1938), requires the application of the law of Maryland, the forum state, to questions of substantive law. On procedural issues, federal law governs. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

the adequacy of the verdict form, the reviewing court considers several factors, including "whether the interrogatories adequately presented the contested issues to the jury when read as a whole and in conjunction with the general charge, whether submission of the issues to the jury was fair, and whether the ultimate questions of fact were clearly submitted to the jury." *Klien*, 773 F.2d at 1427 (citing *Tights, Inc.*, 541 F.2d at 1060). Special interrogatories "may be as detailed as counsel and the district court wish to make them, and the particular verbiage used is of no great consequence so long as the questions were framed so that the jury knows what it is deciding." *Cunningham v. M-G Transp. Servs., Inc.*, 527 F.2d 760, 762 n.1 (4th Cir. 1975).

Williams contends that because the magistrate judge considered the "last clear chance" interrogatory on the verdict form superfluous in light of the contributory negligence question, the magistrate judge relied on an erroneous interpretation of Maryland tort law to fashion the special interrogatories. Under Maryland law, the doctrine of last clear chance permits a contributorily negligent plaintiff to recover damages from a negligent defendant if each of the following elements is satisfied: (i) the defendant is negligent; (ii) the plaintiff is contributorily negligent; and (iii) the plaintiff makes "a showing of something new or sequential, which affords the defendant a fresh opportunity (of which he fails to avail himself) to avert the consequences of his original negligence." *Liscombe v. Potomac Edison Co.*, 495 A.2d 838, 847 (Md. 1985) (citations omitted). The magistrate judge, in declining to include the additional question, stated that the jury would indicate that Williams was entitled to recover under the "last clear chance" theory by finding that she was not contributorily negligent. Because Maryland law requires a contributorily negligent plaintiff in order to invoke the "last clear chance" doctrine, the magistrate judge relied on an erroneous legal standard in denying Williams' request. Consequently, the refusal to amend the interrogatory was an abuse of the magistrate judge's discretion.

Under Maryland law, error in jury instruction is subject to harmless error analysis. *Ralph Pritts & Sons, Inc. v. Butler*, 403 A.2d 830, 837 (Md. App. 1979). Consequently, if Williams could not have recovered under the "last clear chance" doctrine, any error in the interrogatories omitting the theory of recovery could be held harmless and the verdict

affirmed on that basis.[3] As a result, Williams was required to make "a showing of something new or sequential, which affords the defendant a fresh opportunity (of which he fails to avail himself) to avert the consequences of his original negligence." *Liscombe*, 495 A.2d at 847. "Where the negligence of the plaintiff and the defendant are concurrent in time or where the lack of a fresh opportunity is caused by the defendant's preexisting negligence, the defendant has no last clear chance," and the doctrine is inapplicable. *Kassama v. Magat*, 792 A.2d 1102, 1114 n.12 (Md. 2002). After thorough consideration of the testimony and theories of the case as presented to the court in the joint appendix and the parties' briefs, we are convinced that Williams failed to demonstrate that the "last clear chance" doctrine was applicable to Cloverleaf's negligence relative to the altercation. As a result, we conclude that the magistrate judge's error was harmless.

Accordingly, the magistrate judge's judgment is hereby affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[3]Williams' unsupported contention that Cloverleaf Enterprises waived its right to argue that the magistrate judge's error was harmless by failing to appeal the district court's ruling on the jury instruction is unconvincing in light of Cloverleaf's status as the prevailing party in the district court.